**FEDERAL TRADE COMMISSION,**
Petitioner,

v.

**MANAGER, RETAIL CREDIT COMPANY, MIAMI BRANCH OFFICE,**
Respondent.

**Civ. A. No. 1508–72.**

United States District Court,
District of Columbia.
April 23, 1973.

Harold D. Rhynedance, Jr., James P. Timony, Washington, D. C., for petitioner.

Edward J. Schmuck, Francis M. Gregory, Jr., Richard J. Pierce, Jr., Washington, D. C., for respondent.

## MEMORANDUM OPINION

CHARLES R. RICHEY, District Judge.

This cause came before the Court for trial without a jury on Petitioner's verified "Petition for an Order Requiring Respondent to Appear and Produce Documentary Evidence in an Investigation Being Conducted by the Federal Trade Commission, and for Declaratory Relief," and on Respondent's Counterclaim for Declaratory Relief and Motion to Dismiss for Failure to Join Indispensable Parties. For the reasons developed below, the Court has determined that the declaratory relief sought by Petitioner should be denied, the declaratory relief sought by Respondent granted in part and Respondent's Motion to Dismiss denied.

### I. *Background*

Acting pursuant to the authority granted by section 9 of the Federal Trade Commission Act, 15 U.S.C. § 49, and to its resolution dated January 18, 1972, the Federal Trade Commission, Petitioner herein, has been conducting an investigation of the acts and practices of certain consumer reporting agencies, including Respondent Retail Credit Company, to determine whether there is a violation of the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45.

In connection with the investigation, Petitioner, on April 1, 1972, issued a *subpoena duces tecum* to Respondent Manager, Retail Credit Company, Miami Branch Office, returnable in Washington, D. C., or by mail. The Retail Cred-

it Company is a consumer reporting agency in the business of securing and storing information about consumers and selling such information to business concerns to assist them in making business decisions. The information is used in determining the consumer's fitness for life, health, fire and casualty insurance, or the job applicant's employability, and includes the consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personl characteristics, or mode of living. Consumer reporting agencies communicate this information to their business customers by means of consumer reports.

Specifications 7 and 9 of the subpoena issued to Respondent sought the production of its consumer reports. Generally, specification 7 sought the complete files of all consumers who have contacted the Miami Branch Office of Retail Credit Company for disclosure of the information in their files since January 1, 1972, and specification 9 sought the complete files of all individuals investigated by four named credit investigators during specified periods of time ranging from six days to one month.

By letter dated May 8, 1972, to the Assistant Director for Consumer Credit and Special Programs, Bureau of Consumer Protection, Federal Trade Commission, the Retail Credit Company, by its counsel, furnished some of the information and documents sought by the subpoena, but refused to comply with specifications 7 and 9, which called for its consumer reports. As stated in the letter, the primary reasons for which Respondent refused to comply with these specifications were that it believed such compliance would violate section 604 of the Fair Credit Reporting Act, 15 U.S.C. § 1681b, and would violate the rights of privacy of the consumers whose reports would be revealed.[1]

In the face of this denial, the Federal Trade Commission filed in this Court its petition seeking both an order requiring Respondent to comply with specifications 7 and 9 of the *subpoena duces tecum,* and a declaratory judgment that consumer reporting agencies are entitled to furnish consumer reports to the Commission irrespective of the requirements of section 604 of the Fair Credit Reporting Act. Respondent then filed a counterclaim seeking a declaratory judgment that the Commission may not receive consumer reports from Respondent other than pursuant to the terms of the Fair Credit Reporting Act, and that any consumers whose reports were sought by the Commission were indispensable parties to this litigation. It further moved to dismiss the action on the grounds that there had been a failure to join as indispensable parties the consumers whose reports were being sought.

Following the filing of the petition and counterclaim herein, the Commission secured consumer reports prepared by

---

1. Section 604 of the Fair Credit Reporting Act provides:

"A consumer reporting agency may furnish a consumer report under the following circumstances and no other:

"(1) In response to the order of a court having jurisdiction to issue such an order.

"(2) In accordance with the written instructions of the consumer to whom it relates.

"(3) To a person which it has reasons to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(E) otherwise has a legitimate business need for the information in connection with a business transaction involving the consumer."

the Retail Credit Company from two insurance company users of Respondent's consumer reports, solely on the basis of the Commission's administrative *subpoena duces tecum*. As a result, Respondent moved for and was granted leave to amend its counterclaim to seek additional declaratory relief that the Commission may not obtain consumer reports prepared by Respondent from *any* person unless pursuant to the requirements of section 604 of the Fair Credit Reporting Act.

## II. *Issues*

The following issues are before the Court for decision. First, whether section 621(a) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s(a), authorizes the Federal Trade Commission to obtain consumer reports from consumer reporting agencies without the written permission of the consumer or a court order as required by section 604 of the Fair Credit Reporting Act? Second, whether section 621(a) of the Fair Credit Reporting Act, 15 U.S.C. § 1681s(a), authorizes the Federal Trade Commission to obtain consumer reports from sources other than consumer reporting agencies? Third, whether Rule 19 of the Federal Rules of Civil Procedure and section 604 of the Fair Credit Reporting Act require that this action be dismissed for Petitioner's failure to join the affected consumers as indispensable parties?

## III. *Discussion*

A. *The Terms of the Fair Credit Reporting Act Prevent the Federal Trade Commission from Obtaining a Consumer Report from Repondent Other Than Pursuant to*

*an Order of a Court Having Jurisdiction to Issue Such an Order, or Pursuant to the Written Instructions of the Consumer Whose File It Seeks.*

The parties agree that specifications 7 and 9 of Petitioner's *subpoena duces tecum* call for Respondent's "consumer reports."[2] Section 604 of the Fair Credit Reporting Act delineates the circumstances under which a consumer reporting agency is authorized to furnish such reports. Only two of the circumstances so delineated are relevant to the instant proceeding. The relevant portions of Section 604 provide:

"A consumer reporting agency may furnish a consumer report under the following circumstances and no other:

"(1) In response to the order of a court having jurisdiction to issue such an order.

"(2) In accordance with the written instructions of the consumer to whom it relates."

Respondent contends that this section, particularly when taken in conjunction with section 608 of the Act, 15 U.S.C. § 1681f, prohibits it from furnishing a consumer report in response to the administrative subpoena of *any* Government agency, including Petitioner. Section 608 of the Act provides:

"Notwithstanding the provisions of section 604, a consumer reporting agency may furnish identifying information respecting any consumer, limited to his name, address, former address, places of employment, or former places of employment, to a government agency."

The Commission argues that it has the power to subpoena consumer reports

---

2. Section 603(d) of the Fair Credit Reporting Act, 15 U.S.C. 1681a(d) defines a "consumer report" in relevant part as follows: "The term 'consumer report' means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under section 604."

under the Act, in the absence of a court order or written consent from the consumer, by virtue of section 621(a), 15 U.S.C. § 1681s(a), which provides in pertinent part:

"The Federal Trade Commission shall have such procedural, investigative, and enforcement powers, including the power . . . to require . . . the production of documents, and the appearance of witnesses as though the applicable terms and conditions of the Federal Trade Commission Act were part of this title."

The relevant portion of the Federal Trade Commission Act is section 9, 15 U.S.C. § 49, which provides in pertinent part:

"For the purposes of this Act, the commission . . . shall at all reasonable times have access to, for the purpose of examination, and the right to copy any documentary evidence of any corporation being investigated or proceeded against; and the commission shall have power to require by subpoena the attendance and testimony of witnesses and the production of all such documentary evidence relating to any matter under investigation."

The Commission contends, and produced witnesses at trial to show, that without quick access to consumer reports, which are the primary source of information as to whether consumer reporting agencies are complying with the statute, it will not be able as a practical matter to vigorously and expeditiously enforce the Act.

There can be little doubt that the Fair Credit Reporting Act is inconsistent as regards the Commission's authority to obtain consumer reports. On the one hand, the Federal Trade Commission is charged with the duty of enforcing the Act, a duty which necessitates the efficient procurement of consumer reports from consumer reporting agencies which are the subjects of Commission investigations. In discharging its duty, the commission is *generally* authorized to require the production of documents. On the other hand, the Act prohibits a consumer reporting agency from furnishing consumer reports other than in compliance with the requirements set forth in section 604.

Moreover, the policy considerations underlying these provisions of the Act are in conflict as to the goals to be achieved. Inspection of consumer reports by the Federal Trade Commission would be directed primarily at protecting consumers from the failure of consumer reporting agencies to comply with the Act.[3] However, section 604 was undoubtedly directed, in part at least, at preventing investigations by governmental agencies which might seek to use the information obtained from consumer reports to prosecute the consumer.[4]

The Commission urges the Court to adopt a construction of the Fair Credit Reporting Act that would not require the Commission to follow the provisions of section 604, which it contends must be viewed in the context of the whole Act and its object and policy.[5] It argues that to require the Commission to get a court order or written permission of consumers in order to obtain reports from consumer reporting agencies would effectively stop enforcement of the Fair Credit Reporting Act, and that there is a presumption against construing a statute so as to render it ineffective.[6]

---

3. The importance of such inspection is heightened by the fact that the consumers themselves cannot get copies of their own reports.

4. Hearings on Fair Credit Reporting Before the Senate Subcommittee on Financial Institutions, 91st Cong. 1st Sess. at 433 (1969).

5. See Richards v. United States, 369 U.S. 1, 11, 82 S.Ct. 585, 7 L.Ed.2d 492 (1962), for the general rule of statutory construction.

6. United States v. Blasius, 397 F.2d 203, 206 (C.A. 2) cert. denied, 393 U.S. 1008, 89 S.Ct. 615, 21 L.Ed.2d 557 (1968); General Motors Acceptance Corp. v.

There can be little doubt that government agencies in general are held to the provisions of section 604. This is evidenced by section 608 of the Act, quoted above, which allows a consumer reporting agency to furnish a governmental agency with *identifying* information concerning a consumer. But the type and amount of information which may thus be furnished is specifically limited, and the fact that such information may be furnished to government agencies *notwithstanding* section 604 makes it clear that section 604 was intended to apply to government agencies as well as others seeking consumer reports.

Moreover, the legislative history of the Fair Credit Reporting Act indicates that Congress clearly intended that no government agency should receive a consumer report other than pursuant to the provisions of section 604.[7] The Senate Committee Report on S. 823 as passed by the Senate on November 6, 1969, reflects an intent and concern that consumers be secure against unlimited governmental acquisition of personal information about them.[8] The Report explained the interrelationship of section 604 and section 608 as follows:[9]

"Section 608.—*Disclosure to Governmental Agencies*—

The disclosure of information to governmental agencies is limited to identifying type information . . . unless the governmental agency has obtained a court order or is a bona fide creditor, insurer, employer, or licensor."

It should be noted that no special exception is made for the Federal Trade Commission.

Despite the arguments of the Commission, the Court does not believe that it can or should create an exception to the requirements of section 604 of the Act. Nor does it believe that requiring the Commission and consumer reporting agencies to comply with the requirements of section 604 will have the drastic effects forecast by the Commission. The goals of protecting consumers by (1) enforcing compliance with the Act while (2) preventing unwarranted intrusions into their personal files can both be reached if the Court maintains flexibility in fashioning its order requiring production of the reports. Thus, the Commission may be held to the requirements of section 604 without effectively precluding it from obtaining the reports it seeks. Under these circumstances, the proper mode of statutory construction is that the specific provisions of section 604 will not be overridden by inferences from the more general congressional declarations concerning the Commission's powers and duties of enforcement.[10]

The Court will not adopt the construction urged upon it and create what would amount to special provision for the benefit of the Commission. The

Whisnant, 387 F.2d 774, 778 (C.A. 5 1968).

7. See generally Hearings on Fair Credit Reporting Before the Subcommittee on Consumer Affairs of the Committee on Banking and Currency, 91st Cong. 2d Sess. (1970).

8. S 823 ultimately was enacted into law with certain amendments agreed to by the Senate and House Conference Committee on H.R. 15073, the Foreign Bank Secrecy Act, to which S 823 had been appended by the Senate. The Conference Committee did not agree to any amendment concerning the revelation of information to Government agencies by consumer reporting agencies.

9. Report of the Committee on Banking and Currency, Fair Credit Reporting, Sen. Rep. No. 91–517, 91st Cong., 1st Sess. at 6 (1969).

10. For the rule of statutory construction see, e. g., Clifford F. MacEvoy Co. v. United States for the Use and Benefit of Calvin Tomkins Co., 322 U.S. 102, 107, 64 S.Ct. 267, 88 L.Ed. 433 (1944) ; D. Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704 (1932) ; United States v. City of Chester, 144 F.2d 415, 421 (C.A. 3 1944) ; Sun Ins. Co. of New York v. Diversified Engineers, Inc., 240 F.Supp. 606, 609 (D.Mont.1965) ; Bradford Novelty Co. v. Manheim, 156 F.Supp. 489, 491 (S.D. N.Y.1957).

Commission will be held to the requirements of section 604 of the Act.

B. *The Federal Trade Commission Is Not Authorized to Obtain Consumer Reports from Persons Other Than Consumer Reporting Agencies, Except in Response to a Court Order or Pursuant to the Written Instructions of the Consumer Whose File It Seeks.*

The Commission argues that it may obtain consumer reports from users of the reports, such as insurance companies, without a court order or written permission from the consumers involved, because section 604 of the Fair Credit Reporting Act applies only to consumer reporting agencies and not to users of the reports. The problem with this approach is that it would allow the Commission, or any other governmental agency, to obtain through indirection material which it may not obtain from consumer reporting agencies unless the requirements of section 604 are met. The right of the consumer to limit governmental access to personal data in consumer reports to those occasions when the Government agency qualifies under section 604 would thus be frustrated. Clearly it was not the intent of Congress to provide this back door approach to obtaining the desired information. The Court finds, therefore, that section 604 of the Act precludes the Commission from obtaining consumer reports from users or persons other than consumer reporting agencies unless it complies with the requirements of section 604 of the Fair Credit Reporting Act.

C. *Rule 19 of the Federal Rules of Civil Procedure and Section 604 of the Fair Credit Reporting Act Do Not Require the Federal Trade Commission to Join the Affected Consumers in Any Action to Obtain a Court Order Pursuant to Section 604(1) of the Fair Credit Reporting Act.*

Because the Court has found that the Commission is bound to adhere to the requirements of section 604 of the Act, the Court shall treat its Petition in these proceedings as a request for a court order pursuant to section 604(1) of the Act. Viewing the case in this posture, Respondent contends that the action must be dismissed by the Court for the Commission's failure to join the consumers whose reports are sought, such joinder being required under Rule 19 of the Federal Rules of Civil Procedure and section 604 of the Fair Credit Reporting Act.

Rule 19(a) of the Federal Rules of Civil Procedure requires that a person "who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter" shall be joined as a party if:

"(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Respondent argues that the consumers must be joined under Rule 19(a) because their absence will both impair their ability to protect their rights of privacy and will expose an existing party (Respondent) to inconsistent obligations.[11]

The Court notes that Rule 19 emphasizes "the pragmatic consideration of the effects of the alternatives of pro-

---

11. Respondent argues that if it produces the contents of a consumer's file pursuant to a court order issued in an action in which the consumer is not a party, it may well become subject to a later suit by the consumer for invasion of privacy, resulting from an asserted violation of the Fair Credit Reporting Act.

ceeding or dismissing" the action in the absence of certain persons before the Court.[12] It has determined that Rule 19(a) does not require joinder of the consumers whose reports are sought in the instant proceeding because "as a practical matter," and in view of the procedures which the court may require in allowing the Commission to obtain the reports, the consumers will be able to protect their interests in their personal privacy without being made parties to the action. Nor can the Court find that any "substantial risk" will be incurred by the Respondent if the consumers are not joined. The possibility that Respondent may become subject to a later suit by consumers for releasing their files pursuant to a court order is remote at best.

The Court further notes that joinder of all the consumers whose files are sought might well paralyze the Commission's enforcement of the law, and therefore frustrate the valid national policy expressed by the Fair Credit Reporting Act. Under these circumstances, it cannot be held that section 604 of the Act requires joinder of all affected consumers.

### IV. *Conclusion*

In accordance with the aforegoing, the Court will enter an Order declaring that the Federal Trade Commission may obtain consumer reports from Respondent or any other person in possession of such reports only pursuant to a court order or with the written consent of the consumer. The Commission's Petition shall be treated as a request for a court order pursuant to section 604 of the Fair Credit Reporting Act, and that request shall be granted subject to the procedures set forth in the Order. Generally, those procedures shall require the Commission to notify by publication and mail the persons whose consumer reports are sought. Any person so notified shall have the opportunity to object to the production of his file before the Commission, and the Respondent shall not be required to produce the files of those persons indicating their objection. After proper notification, the reports of those consumers who have not objected shall be promptly forwarded to the Commission. In this manner, the interests of the consumers will be protected without necessitating their joinder in this action. The Motion of Respondent to Dismiss for Failure to Join Indispensable Parties will accordingly be denied.

---

12. Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 116–117 n. 12, 118, 88 S.Ct. 733, 742, 19 L.Ed.2d 936 (1968).