**LLC CORPORATION, Plaintiff,**

v.

**The PENSION BENEFIT GUARANTY CORPORATION and St. Louis Union Trust Company, Defendants.**

**No. 80–1097C(4).**

United States District Court,
E. D. Missouri, E. D.

March 17, 1981.

Carroll J. Donohue, Robert J. Domrese, Charles E. Merrill, St. Louis, Mo., for plaintiff.

Lawrence F. Landgraff, Pension Ben. Guaranty Corp., Washington, D. C., Thomas C. Walsh/Bruce C. Oetter, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendants.

## MEMORANDUM

HUNGATE, District Judge.

This matter is before the Court on the motion of defendant Pension Benefit Guaranty Corporation for an order requiring plaintiff to add a class defendant as a necessary party. For the reasons stated below, defendant's motion will be denied.

Plaintiff LLC Corporation [the plan administrator] is the sponsor, employer, and plan administrator of a terminated employee benefit plan. Defendants are the Pension Benefit Guaranty Corporation [the corporation], a wholly-owned United States government corporation established under 29 U.S.C. § 1302, and St. Louis Union Trust Company [the escrow agent], the holder of the residual assets of the terminated employee benefit plan.

Jurisdiction is asserted under 29 U.S.C. § 1303(f), which provides that a plan administrator adversely affected by an action of the corporation "may bring an action against the corporation, receiver, or trustee." Plaintiff seeks a declaratory judgment regarding the residual assets of the terminated employee benefit plan, which the escrow agent refuses to release without the corporation's approval. The corporation contends that the residual assets belong to the former plan participants.

The corporation now moves the Court for an order requiring plaintiff to add the former plan participants as a class defendant.

Persons must be joined as parties to an action under the following provisions of Rule 19 of the Federal Rules of Civil Procedure:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. . . .

The threshold question before the Court is whether joinder of the former plan participants as a class defendant will deprive the Court of subject matter jurisdiction over the action.

The corporation asserts that joinder would permit the Court to exercise jurisdiction over any plan participant's claims to the residual assets under 29 U.S.C. §§ 1132 and 1303(f).

The Court lacks subject matter jurisdiction to join the former plan participants as a class defendant under either § 1132 or § 1303(f). A participant may

bring a civil action under § 1132 to obtain appropriate equitable relief, but no provision is made for an action against a participant. While § 1303(f) permits actions against "the corporation, receiver, or trustee," the statute does not provide for an action against a participant.

Although the former plan participants cannot be joined as a class defendant, the Court will sua sponte examine the issue of compulsory joinder of the former plan participants as a class plaintiff to bring claims under § 1132. *Consumers Union of the United States, Inc. v. Consumer Product Safety Commission*, 590 F.2d 1209, 1220 n.56 (D.C.Cir.1978), *rev'd on other grounds*, 445 U.S. 375, 100 S.Ct. 1194, 63 L.Ed.2d 467 (1980).

To determine whether Rule 19 requires joinder of a party, courts emphasize pragmatic considerations rather than rigid formalism. *E.g., Gentry v. Smith*, 487 F.2d 571, 579–80 (5th Cir. 1973), interpreting federal joinder rules to maximize effective relief and minimize expenditure of litigious energy.

The corporation argues that because a judgment would not bind the plan participants unless they are parties, each participant could bring an action against the corporation, plan administrator, or escrow agent claiming that the participants' rights to the residual assets of the terminated plan had not been protected. *But see FTC v. Manager, Retail Credit Co.*, 357 F.Supp. 347 (D.D.C.1973), *rev'd on other grounds*, 515 F.2d 988 (D.C.Cir.1975), declining to join consumers where the court found no substantial risk of future litigation based on the release of the consumers' credit files pursuant to a court order.

The plan administrator replies that the plan participants should not be joined merely because of the speculative possibility of further litigation. *See Morgan Guaranty Trust Co. of N. Y. v. Martin*, 466 F.2d 593 (7th Cir. 1972), holding that Rule 19

refers to relief as between those already parties, not between a party and the absent person. It cannot be seriously contended that any time party A has a dispute with person B he can litigate that dispute in a case between A and C merely because that procedure might be more convenient than suing B in a separate lawsuit.

The record reveals that no plan participant has moved to intervene in this action or otherwise asserted that "he claims an interest relating to the subject of the action."

The Court concludes that Rule 19 does not require joinder of the former plan participants. Therefore, the motion of defendant Pension Benefit Guaranty Corporation for an order requiring plaintiff to join a class defendant as a necessary party will be denied.