## D. GINSBERG & SONS, INC. *v.* POPKIN.

No. 429. Argued February 16, 1932.—Decided March 14, 1932.

*Mr. Leo J. Linder,* with whom *Mr. Raymond J. Mawhinney* was on the brief, for petitioner.

*Mr. Louis Jersawit* for respondent.

MR. JUSTICE BUTLER delivered the opinion of the Court.

The district court in the eastern district of New York adjudged the Foster Construction Corporation a bankrupt, and in June, 1930, a trustee was appointed. Respondent was president and petitioner was a creditor of

the corporation.  December 4, 1930, petitioner presented to one of the judges in the southern district of New York a petition, the brief substance of which follows:

In 1929, about the time the petition in bankruptcy was filed, respondent withdrew, and has failed to account for, a large amount of cash belonging to the corporation.  He fled to Canada in order to avoid examination and did not return until January, 1930.  About that time the court in the eastern district issued an order of *ne exeat* against him, but he fled again and later returned to the borough of Manhattan, where he was then concealing himself with the intention of immediately leaving the United States to avoid examination.  The petition stated that respondent's testimony would be in aid of creditors and that, had he been requested so to do, the trustee would have refused to apply for his arrest, and that therefore the petitioner made the application for an ancillary order of examination and arrest in aid of itself and other creditors.  It was shown that a judge in the eastern district authorized petitioner to apply for this order in the southern district.

On these representations the judge made an order of examination and arrest.  And on the same day he signed another order, under the caption "Writ Ne Exeat," commanding the marshal to apprehend respondent, take him into custody and bring him before the judge for examination " or, at his option, cause him to give sufficient bail or security in the sum of $10,000  .  .  .  that he the said Joseph Popkin will not depart from or go,  .  .  . beyond the territorial jurisdiction of this court without its leave, and will at all times and in all manner, respect and things, obey and comply with the lawful orders and decrees of the court herein for his examination, in default of which he is to be lodged in New York County Jail .  .  .  ."  In obedience to that command the marshal arrested respondent.  He gave the prescribed bail and

the clerk released him from custody. Then respondent applied to a judge in the southern district to have the order vacated on the ground that it was made without jurisdiction. The motion was denied. 47 F. (2d) 276. The Circuit Court of Appeals reversed. 50 F. (2d) 693.

The petitioner contends that clause (15) of § 2 empowers district judges in bankruptcy cases, upon the application of a creditor, to issue orders directing the arrest of officers of bankrupt corporations.

The words of § 2 relied on are: " The courts of bankruptcy . . . are hereby invested . . . with such jurisdiction at law and in equity as will enable them to exercise original jurisdiction in bankruptcy proceedings . . . to . . . (15) make such orders, issue such process, and enter such judgments ·in addition to those specifically provided for as may be necessary for the enforcement of the provisions of this Act."

Clause (15) is to be construed having regard to the other parts of § 2, to the provisions of the Act in respect of examinations concerning the business and property of bankrupts, and to § 261 of the Judicial Code relating to writs of *ne exeat.*

Section 2 creates courts of bankruptcy and in general terms, by twenty separately numbered clauses, confers upon them authority in respect of at least as many matters relating to bankruptcies. By clause (13) bankruptcy courts are empowered by means of fine or imprisonment to enforce obedience by bankrupts and others to all lawful orders, and by clause (16) to punish persons for contempts committed before referees. Section 7a (9) makes it the duty of the bankrupt, when present at the first meeting of creditors and at such other times as the court shall order, to submit to examination concerning his business, acts and property. Section 21a empowers the court upon the application of a creditor to require any designated person, including the bankrupt, to appear for simi-

lar examination. Section 9a exempts the bankrupt from arrest upon civil process issued from a court of bankruptcy except for contempt or disobedience of its lawful orders. And § 9b specifically governs arrests and detention of bankrupts about to leave the district in order to avoid examination. It is as follows:

" The judge may, at any time after the filing of a petition by or against a person, and before the expiration of one month after the qualification of the trustee, upon satisfactory proof by the affidavits of at least two persons that such bankrupt is about to leave the district in which he resides or has his principal place of business to avoid examination, and that his departure will defeat the proceedings in bankruptcy, issue a warrant to the marshal, directing him to bring such bankrupt forthwith before the court for examination. If upon hearing the evidence of the parties it shall appear to the court or a judge thereof that the allegations are true and that it is necessary, he shall order such marshal to keep such bankrupt in custody not exceeding ten days, but not imprison him, until he shall be examined and released or give bail conditioned for his appearance for examination, from time to time, not exceeding in all ten days, as required by the court, and for his obedience to all lawful orders made in reference thereto."

Section 261 of the Judicial Code provides that writs of *ne exeat* may be granted by any district judge in cases where they might be granted by the district court of which he is a judge, and declares: " But no writ of ne exeat shall be granted unless a suit in equity is commenced, and satisfactory proof is made to the court or judge granting the same that the defendant designs quickly to depart from the United States."

In view of the general exemption of bankrupts from arrest under § 9a and the carefully guarded exception made by § 9b as to those about to leave the district to

avoid examination, there is no support for petitioner's contention that the general language of § 2 (15) is a limitation upon § 9 (b) or grants additional authority in respect of arrests of bankrupts. General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment. *United States* v. *Chase,* 135 U. S. 255, 260: Specific terms prevail over the general in the same or another statute which otherwise might be controlling. *Kepner* v. *United States,* 195 U. S. 100, 125. *In re Hassenbusch,* 108 Fed. 38. *United States* v. *Peters,* 166 Fed. 613, 615. The construction contended for would violate the cardinal rule that, if possible, effect shall be given to every clause and part of a statute. *Market Co.* v. *Hoffman,* 101 U. S. 112, 115. *Ex parte Public National Bank,* 278 U. S. 101, 104.

Assuming that under § 2 (15) bankruptcy courts are empowered to allow writs of *ne exeat,* that granted in this case was without warrant, for conditions made essential by the common law and as well by the Judicial Code were lacking.

Speaking for the Supreme Court of Wisconsin in *Davidor* v. *Rosenberg,* 130 Wis. 22; 109 N. W. 925, Mr. Justice Winslow described the writ of *ne exeat* as follows (p. 24): "At common law it was simply a writ to obtain equitable bail. It was issued by a court of equity on application of the complainant against the defendant when it appeared that there was a debt positively due, certain in amount or capable of being made certain, on an equitable demand not suable at law (except in cases of account and possibly some other cases of concurrent jurisdiction), and that the defendant was about to leave the jurisdiction, having conveyed away his property, or under other circumstances which would render any decree ineffectual. *Dean* v. *Smith,* 23 Wis. 483. *Rhodes* v.

*Cousins*, 6 Rand. 188, 191, 18 Am. Dec. 715; *Gibert* v. *Colt*, 1 Hopk. Ch. 496, 14 Am. Dec. 557, and note."

The writ is a restraint upon the common right of movement from place to place within the United States and upon emigration. It has been abolished in some States and its use is largely regulated and restricted by statute in others.* And § 261 of the Judicial Code strictly governs the granting of the writ in federal courts.

Section 9 (b) provides a substitute for and so excludes the use of the writ against bankrupts. As respondent is not a bankrupt, that subdivision does not authorize his arrest or afford him protection. There is no reason for stricter measures to compel others to submit to examination. General authority to compel attendance and the giving of testimony is conferred by § 21a and § 2 (13) and (16). And, in the absence of language specifically disclosing that purpose, Congress will not be deemed to have intended to subject officers of bankrupt corporations or other witnesses to arrests and detentions, by writ of *ne exeat* or otherwise, against which § 9a and b protects bankrupt persons. We conclude that the court had no authority under § 2 (15) or otherwise to make the order of arrest and *ne exeat* under consideration.

*Judgment affirmed.*

---

* See authorities cited in note, 14 Am. Dec. 560.