OPINION. Arnold, Judge: The petitioner claims the deduction of $40,000 paid in 1941 into a trust fund for the benefit of its employees as an ordinary and necessary business expense. It does not contend that the amount is deductible under section 23 (a) as reasonable compensation paid for services rendered or under section 23 (p) as a contribution to a pension trust. It contends that the payment was an ordinary and necessary business expense, deductible under section 23 (a) because the establishment of the trust was the best means of preventing the loss of a substantial number of its specially trained employees and the consequent disruption of its business. The respondent disallowed the deduction “for the reason that it has not been established that the item is allowable under any provision of the Internal Revenue Code authorizing deductions from gross income.” The allowance of deductions from gross income is a matter of legislative grace, and only as there is clear provision therefor can any particular deduction be allowed. New Colonial Ice Co. v. Helvering, 292 U. S. 435. Section 23 (a) of thie Internal Revenue Code allows deductions from gross income for “all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered.” The petitioner intended this payment as compensation. In paragraph XVII of the trust agreement it was declared: It is the purpose of this agreement that the Company’s contributions to the. Trust herein established represent additional compensation to the Participating Employees in recognition of their valuable services and this form of compensation is provided in their best interests. Disbursements could be made only to or for the account of participating employees. Such disbursements would be made solely as a consequence of the employer-employee relationship. They would therefore be remuneration for services and hence compensation. The principal purpose of the payment was to induce the employees to remain with the company and perform services in the ftófeñre. If the employee does this he is eligible to receive benefits. In this aspect the payment represents compensation set aside to pay for future services. As such, it is not “compensation for services actually rendered,” within the meaning of section 23 (a). Under the terms of the trust no share was allotted to any employee and no specific right accrued to any employee. Each qualified employee had only the knowledge that he might, in time of need, be granted some benefit if the managing board saw fit to do so. Compensation paid connotes receipt of something by the persons compensated. We think such a payment made by an employer to a trust fund for the benefit of its employees can not qualify for deduction as compensation paid unless some benefit or specified right or interest, even though forfeitable, accrued to the employees in the year of payment. See Gisholt Machine Co., 4 T. C. 699; Forcum-James Co., 7 T. C. 1195; and Surface Combustion Corporation, 9 T. C. 631. The payment here does not. qualify as compensation paid. Accordingly, this payment is not deductible under section 23 (a) as compensation paid for personal services actually rendered. Section 23 (p) of the Internal Eevenue Code, as effective in 1941, allowed an employer establishing or maintaining a pension plan to provide reasonable pensions for its employees to. take certain deductions from gross income on account of contributions to a trust for that purpose, if the trust is exempt from income tax by reason of section 165 of the code. There is no other statutory authority for an employer to deduct contributions to a trust established' to pay deferred compensation to its employees. In the absence of such authority, this payment to the employees’ beneficial trust is not deductible, unless deductible in accordance with section 23 (p), or under section 23 (a) as compensation paid for services rendered. The petitioner does not claim a deduction pursuant to section 23 (p) and the trust agreement, in paragraph XVII, states that it is not intended to establish a pension trust as contemplated by that section. The payment being compensation* but not deductible as compensation paid for personal services actually rendered or under section 23 (p) as a contribution to a' pension trust, it may not in the alternative be deducted under section 23 (a) as an ordinary and necessary business expense of a character other than compensation. The broad general language of a statutory provision must give way to an applicable specific provision in another part of the same enactment. Ginsberg & Sons, Inc. v. Popkin, 285 U. S. 204; United States v. Chase, 135 U. S. 255. Section 23 (a) prescribes conditions under which compensation is deductible. It must be for personal services actually rendered; it must be reasonable;.and it must be paid, or the liability for it incurred, in the taxable year. Where a compensation payment does not meet these conditions and therefore is not deductible as compensation, to allow its deduction under the broader classification of ordinary and necessary business expenses would defeat the purpose of these conditions. Furthermore, this was not an ordinary and necessary expense, of a nature other than compensation, of carrying on the petitioner’s business. The petitioner is contending, in effect, that establishing an employees’ beneficial trust fund and paying into it a sum approximating one-third of its annual pay roll for their future benefit is an ordinary and necessary method of inducing a substantial number of its specially trained employees to remain in its employ and thus prevent the disruption of its business. The evidence does not establish that such a course of action is a common and accepted method of employers generally, or in the petitioner’s industry, of dealing with such a situation. • This proof is essential to the deduction upon this ground. Welch v. Helvering, 290 U. S. 111; Deputy v. DuPont, 308 U. S. 488. No instance of a similar situation was shown, nor a case described in which similar action was taken. Father, the petitioner’s problem appears to have been unique and the solution adopted unusual. Deductibility under section 23 (a) can be established only by showing that the outlay is within the statutory classification of “ordinary and necessary expenses” of carrying on the trade or business. If the result of a payment is the acquisition of an asset which has an economically useful life beyond the taxable year, it may be a capital item rather than a deductible expense. Whether a given expenditure is a capital outlay or an expense item depends in part upon the purpose and duration of function of what is acquired. This expenditure was intended to benefit the petitioner by “the general effect of the Plan upon the stimulation of interest of the Participants in the management and development of the Company’s business and securing their permanent interest and loyalty in the organization” (paragraph VIII, clause 9, trust agreement). Although petitioner paid the amount irrevocably, it acquired by the trust instrument the right to have the fund administered for the prescribed purposes of the trust, and through its officers upon the board of managers it had a substantial voice in the expenditure of the fund. The trust was calculated to result in a long standing business advantage to the petitioner, the effect of which would be felt for many years in the future, as (he employees would continually be conscious that this fund was available for their benefit. The investment in the trust was more than a normal incident of carrying on petitioner’s business. The payment was made to improve the company’s future relations with its employees, not to discharge an ordinary and necessary expense of the taxable year. To treat the payment as a charge against the income of a single year would disregard its purpose and the probable duration of the benefit to result from it. It is more in the.nature of a capital investment for the future. See Kauai Terminal, Ltd., 36 B. T. A. 893. Considering the language of the statute and the nature of the disbursements to which it commonly applies, this payment is not deductible as an “ordinary and necessary expense paid or incurred during the taxable year in carrying on” the petitioner’s trade or business. In Lincoln Electric Co., 6 T. C. 37, we held that a payment of $1,000,000 into a profit-sharing trust to establish a fund to provide separation allowances, death benefits, or annuities for its employees or their families was not deductible as an ordinary and necessary business expense or as compensation paid for services rendered. The Circuit Court of Appeals for the Sixth Circuit reversed, holding the payment to be deductible as an ordinary and necessary business expense. Commissioner v. Lincoln Electric Co., 162 Fed. (2d) 379. The problem here is similar in several respects. A fundamental principle of income tax law is the annual accounting of profits and losses. A taxpayer may not play good years against bad years by shifting income or expenses from one year to another. To allow petitioner to take a deduction of $40,000 for 1941 for an amount which is to be paid as compensation to its employees in subsequent years would result in a distortion of petitioner’s net income for 1941. With all due deference to the Circuit Court, we adhere to the views we expressed in our decision in the cited case and prefer to follow that decision here. Reviewed by the Court. Decision will be entered for the respondent.