**In the Matter of HARTMAN BROS. CONSTRUCTION CORPORATION, Bankrupt.**

**STATE OF INDIANA, INDIANA DE- PARTMENT OF REVENUE, Appellee,**

v.

**UNITED STATES of America, Appellant.**

**No. 85–2560.**

United States Court of Appeals, Seventh Circuit.

Argued April 15, 1986.

Decided Dec. 28, 1987.

Martha B. Brissette, Asst. Atty. Gen., Tax Div., U.S. Dept. of Justice, Washington, D.C., for appellant.

Donna S. Nichols, Deputy Atty. Gen., Indianapolis, Ind., for appellee.

Before WOOD and POSNER, Circuit Judges, and FAIRCHILD, Senior Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

This appeal involves competition for priority between federal and state statutory tax liens on personal property of a bankrupt. The United States has a lien arising from an assessment of tax on December 8,

---

1975.[1] Indiana once had, and claims to continue to have, a series of liens arising from tax warrants issued and docketed in Shelby County, Indiana on dates before December 8, 1975, but none of which was reissued (in the form of an alias warrant). The question is one of interpretation of Indiana statutes. The United States argues that although the Indiana liens were originally valid on both real and personal property, they expired as to personal property sixty days after original issuance (no alias warrants having been issued). Indiana argues that the liens remained valid for ten years on both real and personal property, whether or not alias warrants were issued. The bankruptcy judge decided that the United States lien had priority. The district court reversed. We have jurisdiction of the appeal under former 11 U.S.C. § 47. See § 403(a), Bankruptcy Reform Act of 1978, P.L. 95–598; *Central Trust Co. v. Creditors' Committee*, 454 U.S. 354, 357, 102 S.Ct. 695, 696, 70 L.Ed.2d 542 (1982). We reverse, holding that the United States lien has priority over the Indiana liens in dispute.

On March 4, 1976, Hartman, the federal and state tax debtor, filed a petition for arrangement under Chapter XI. The proceeding was converted into straight bankruptcy. Hartman's assets were sold, with the real estate bringing $84,525 and personal property $303,475. Indiana's first two tax liens (June 8, 1974 and May 27, 1975) were docketed before any other liens were perfected, and continued to be valid as to real estate whether alias warrants were issued or not. National Acceptance Corporation had a claim, secured as of June 5, 1985 by a recorded real estate mortgage and a perfected security interest in personal property. The parties stipulated that these liens and the costs of administration be first paid. All the proceeds of real estate and a substantial part of the proceeds of personal property were thus consumed. The contest is over priority as to the balance of proceeds of personal property.

Section 6–2–1–18, Burns Indiana Statutes Ann. (1972)[2] authorizes the Department of Revenue to issue a warrant for unpaid taxes. It is to be directed to the sheriff of any county, commanding him to levy upon and sell the real and personal property of the tax debtor. It must be returned "by a time to be therein specified, not more than sixty [60] days from the date of the warrant." The sheriff is to file a copy within five days with the clerk of the circuit court of his county, who shall enter it in the judgment record

> and thereupon the amount of such warrant so docketed shall become a lien upon the title to and interest in real and personal property ... in the same manner as a judgment duly enrolled in the office of the clerk. The judgments shall remain in full force and effect for a period of ten [10] years.... The warrant provided for herein shall be the sheriff's instrument of execution on the judgment and in case the execution and levy is not made within the sixty [60] days provided, the department may issue an alias warrant....

Indiana relies on the fact that Section 6–2–1–18 mentions both real and personal property, and specifies no distinction between them as to the effect or duration of the lien, and includes the provision that the "judgments" shall remain in effect for ten years; that Section 6–8–7–1, without reference to the type of property, provides that any lien established by recording a tax warrant shall expire ten years after the date of recording.

---

**1.** 26 U.S.C. § 6321 creates the federal tax lien on all property, real or personal. Section 6322 makes the lien arise at the time of assessment unless another date is specifically fixed by law. Section 6323 delays the validity of the lien to the date notice is appropriately filed (January 13, 1976 in this case) as against specified types of interests and liens, but not including the type of lien claimed by Indiana here.

**2.** We refer to the sections providing for tax warrant liens by the numbers they had from 1971 to 1980. Before 1971 similar provisions appeared in Title 64, *e.g.,* 6–2–1–18 had been 64–2613. These provisions were repealed and replaced by other language in 1980, after the dates relevant to this lawsuit.

The United States, however, relies on Section 6–8–7–4, entitled *"Extent of tax warrant lien upon personal property."* It provides:

Any such warrant, or alias warrant, shall be and become a lien upon the personal property of the warrant debtor named therein within the county upon the issuance thereof to the sheriff of such county, and such lien shall continue until the return of said warrant by said sheriff or the payment thereof, provided, however, that such lien on personal property may be extended by the issuance of an alias warrant within five [5] days after the return of such original warrant.

The District Judge considered it appropriate, notwithstanding the language of Section 6–8–7–4, providing for the existence, duration, and possible extension of the lien upon personal property, to interpret it as pertaining only to the sheriff's authority to levy upon personal property. He considered a requirement of renewal of the lien on personal property every sixty days as unduly burdensome, and an interpretation of Section 6–8–7–4 as if limited to the sheriff's authority to collect as more harmonious with the other statutes. He deemed this interpretation reinforced by the version of the statutes adopted in 1980.

With all respect, we disagree. Section 6–8–7–4 both in its text and its title deals specifically with the lien on personal property. The most that can be read from the general language of the other sections is an implication that a tax warrant lien on personal property has the same duration as one on real property.

We view Section 6–8–7–4 as a specific provision for the duration of a tax warrant lien on personal property, and therefore controlling over possible implications from more general language elsewhere.

However inclusive may be the general language of a statute, it "will not be held to apply to a matter specifically dealt with in another part of the same enactment.... Specific terms prevail over the general in the same or another statute which otherwise might be controlling." *Ginsberg & Sons v. Popkin,* 285

U.S. 204, 208 [52 S.Ct. 322, 323, 76 L.Ed. 704 (1932) ].

*Clifford F. MacEvoy Co. v. United States,* 322 U.S. 102, 107, 64 S.Ct. 890, 894, 88 L.Ed. 1163 (1944).

It is true that the Indiana Legislature extensively revised these statutes in 1980, treating the subject of tax warrant liens, including their duration, separately from the subject of the duty and authority of the sheriff to collect them by levy. Section 6–8.1–8–2 covers the former subject, and provides that upon entry of the warrant it becomes a "judgment lien" upon the debtor's real or personal property in the county, and the lien is valid for ten years, subject to renewal. Section 6–8.1–8–3 covers the latter subject, but does not limit the levy on property to personal property. We are not persuaded that this very extensive revision was only clarification of existing law rather than substantive change.

Another branch of the analysis strengthens our conclusion that prior to 1980 the duration of the tax warrant lien on personal property was different from that of the tax warrant lien on real property.

Section 6–2–1–18 provides that the warrant shall become a lien on real and personal property "in the same manner as a judgment." This language, however, does not imply that the lien on personal property has the same duration as on real property because the lien resulting from a judgment is significantly different as to real property and as to personal property.

Section 34–1–45–2, Burns Indiana Statutes Annotated (1986) is entitled "Lien upon real estate—Limitation of lien," and provides in part:

All final judgments for the recovery of money ... shall be a lien on real estate and chattels real liable to execution in the county where ... such judgment has been duly entered and indexed ... until the expiration of ten [10] years from the rendition thereof....

No similar provision creates or provides the duration of a lien on personal property. Section 34–1–34–9 provides in part:

When an execution against the property of any person is delivered to an officer to be executed, the goods and chattels of such person within the jurisdiction of the officer, shall be bound from the time of the delivery....

The execution is returnable within 90 days or less. Section 34-1-34-8. Where there has been a levy, the lien of the levy shall continue

but such lien as to personal property shall continue only for thirty [30] days (unless a second execution be issued thereon) from the time of said return ... and as to real property, after six [6] months, the levy of such writ shall be discharged.

Section 34-1-37-10.

There has long been a difference in Indiana between creation of a lien on real estate, arising from a judgment, and one on personal property.

In order to create a lien upon personal property it is necessary to issue and levy execution, but in order to create a lien upon real estate it is only necessary to enter and index the judgment in the county where the real estate is located.

\* \* \* \* \* \*

We wish to point out the distinction in the Indiana cases between liens of judgments on real estate and on personal property. Neither a judgment nor a state tax is a lien on *personal property* until a levy has been made.

*Muniz v. United States*, 129 Ind.App. 433, 155 N.E.2d 140, 143, 147 (1958) (emphasis in original).

In our view, the duration of the tax warrant lien on personal property, in the years involved in this case, must be determined from former Section 6-8-7-4. The lien expired upon the return of the warrant, which must occur within sixty days from the date of the warrant, unless an alias warrant be issued within five days from the return of the original warrant.

At the time of the petition in bankruptcy, more than sixty days had elapsed after the issuance of each of the tax warrants which had been issued, except for the tax warrant docketed January 22, 1976. No alias warrants were issued. The United States lien had priority over the Indiana tax warrant docketed January 22, whether one relies on the date of assessment of the United States tax (December 8, 1975) or the date notice of the United States lien was filed in Shelby County (January 13, 1976).[3]

Accordingly, we conclude that the Indiana tax warrants issued and docketed before December 8, 1975 no longer constituted a valid lien on personal property at the date of the petition which commenced the bankruptcy proceeding, and that the United States lien arising out of the December 8, 1975 assessment had priority over any lien arising from later issued Indiana tax warrants.

The judgment appealed from is reversed and the cause remanded with directions to affirm the order of the Bankruptcy Judge.

---

**3.** Because all the Indiana tax warrant liens had either ceased to be valid on personal property before the filing of the petition in bankruptcy, or had been filed after filing of the notice of United States tax lien, it makes no difference whether the date of filing the notice or the date of assessment determines priority *vis-a-vis* the Indiana tax warrant liens. There seems to have been some confusion, however, as to the critical date. We think the United States is correct in picking the date of assessment here. 26 U.S.C. § 6322 states the general rule that the federal lien arises at the time the assessment is made. § 6323 creates an exception, delaying the critical date to the date of filing notice, in favor of "any purchaser, holder of a security interest, mechanic's lien, or judgment lien creditor." The district court considered that the Indiana statute constituted the lien a judgment lien. Treasury Regulations defining "Judgment lien creditor" make it clear that for this purpose "[t]he term judgment does not include the determination of a quasi-judicial body or of an individual acting in a quasi-judicial capacity such as the action of state taxing authorities." Treasury Regulations "must be sustained unless unreasonable and plainly inconsistent with the revenue statutes." *Commissioner v. South Texas Lumber Co.*, 333 U.S. 496, 501, 68 S.Ct. 695, 698, 92 L.Ed. 831 (1948).