**BASIC, INCORPORATED**

v.

**NORFOLK SOUTHERN.**

Civ. A. No. 87–6952.

United States District Court,
E.D. Pennsylvania.

March 11, 1988.

James J. Bryne, Jr., Media, Pa., for plaintiff.

Joseph A. Eagan, Jr., Philadelphia, Pa., for defendant.

### MEMORANDUM AND ORDER

JAMES McGIRR KELLY, District Judge.

Presently before the court is defendant's motion to dismiss for improper venue pursuant to 28 U.S.C. § 1406. Plaintiff, Basic Incorporated, commenced this action on Oc-

---

tober 30, 1987 by filing a complaint which alleges that defendant, Norfolk Southern Corporation, breached an alleged agreement to transport freight by rail and was negligent in transporting 26 pallets containing bags of mortar. Basic Incorporated is a Delaware corporation with its principal place of business in the Eastern District of Pennsylvania. Norfolk Southern Corporation is a holding company, who, along with its operating subsidiaries, operates a railroad and has corporate headquarters in Norfolk, Virginia.

This court has jurisdiction pursuant to 28 U.S.C. § 1331 in that the action arises under 49 U.S.C. § 11707, and 28 U.S.C. § 1332.

Defendant maintains that venue is improper under 49 U.S.C. § 11707(d)(2)(A)(ii), which specifically sets forth the venue provision applicable to actions for recovery for damages brought under the Interstate Commerce Act embodied in 49 U.S.C. § 10101 *et seq*. This venue provision provides:

(2)(A) A civil action under this section may only be brought—

(i) against the originating rail carrier, in the judicial district in which the point of origin is located;

(ii) against the delivering rail carrier, in the judicial district in which the principal place of business of the person bringing the action is located if the delivering rail carrier operates a railroad or a route through such judicial district, or in the judicial district in which the point of destination is located; and

(iii) against the carrier alleged to have caused the loss or damage, in the judicial district in which such loss or damage is alleged to have occurred.

49 U.S.C. § 11707(d)(2)(A).

Defendant maintains, and plaintiff does not dispute, that defendant was operating as a delivering carrier when it transported the pallets. Defendant asserts that plaintiff cannot maintain its cause of action in this judicial district since neither it nor its operating subsidiaries own or operate a railroad or a route through this judicial district and the point of destination was Hammond, Indiana, not the Eastern District of Pennsylvania.[1]

In response, plaintiff asserts that venue in this district is proper under the general federal venue provision 28 U.S.C. § 1391 since Norfolk Southern "does business" in this district. This court disagrees.

28 U.S.C. § 1391 provides:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.[2]

■ The sole issue which faces the court is whether the venue provision of the Staggers Rail Act, 49 U.S.C. § 11707(d)(2)(A), is intended to be the exclusive venue provision for actions arising under the Interstate Commerce Act.

It is well settled that a special venue statute, expressly covering venue of a particular kind of action, will control over the general venue statutes, but provisions in the general statutes are often read as supplementing the special statute in the absence of contrary restrictive indications in the special statute. *Pure Oil Co. v. Suarez*, 384 U.S. 202, 205, 86 S.Ct. 1394, 1396, 16 L.Ed.2d 474 (1966), 15 Wright & Miller, *Federal Practice and Procedure*, Ch. 8 § 3803. This court finds that such restrictive indications are present in the Staggers Rail Act as amended.

The language of the statute is sufficiently restrictive as to evidence an intent to restrict venue for actions arising under the

1. Although plaintiff does not dispute the fact that Norfolk Southern does not own or operate railroad or a route through this judicial district, plaintiff asserts that the defendant *ships* equipment over rail lines through this district. Since 49 U.S.C. § 11707(d)(2)(A)(ii) clearly does not provide for venue on the basis of where a railroad may ship its equipment, plaintiff's assertion is not relevant to this inquiry.

2. Defendant's residence for venue purposes is considered to be any judicial district in which it is incorporated or licensed to do business or is doing business. 28 U.S.C. § 1391(c).

Act. Specific terms prevail over the general in the same or another statute which otherwise might be controlling. *Fourco Glass Co. v. Transmirra Corp.*, 353 U.S. 222, 228–229, 77 S.Ct. 787, 791–792, 1 L.Ed. 2d 786 (1957), *citing D. Ginsberg & Sons v. Popkin*, 285 U.S. 204, 208, 52 S.Ct. 322, 323, 76 L.Ed. 704, *Bruns, Nordeman & Co. v. American National Bank and Trust Co.*, 394 F.2d 300 (2d Cir.1968), *cert. denied*, 393 U.S. 855, 89 S.Ct. 97, 21 L.Ed.2d 125 (1968). Additionally, there is support for defendant's contention that Congress intended to restrict venue for actions against rail carriers. Prior to the 1980 amendment to 49 U.S.C. § 11707, "plaintiff was permitted to institute an action against a carrier "wherever the carrier operate[d]". The legislative intent in amending this provisions was to restrict such action, as evidenced by the statement at the time the Act was amended that "venue is virtually uncontrollable and frequently, inconvenient." *See* H.R.Rep. No. 96–1430, 96th Cong., 2d Sess. 102 (1980).

Therefore, this court finds that the specific venue provision of 49 U.S.C. § 11707(d)(2)(A)(ii) governs this action. Since this is not the judicial district in which the point of destination is located, and defendant does not own or operate a railroad or a route in this district, there seems to be only one judicial district where plaintiff could institute this action—the point of destination—or the judicial district in which Hammond, Indiana is located.

Having found that venue is improper in this district, this court may dismiss the entire action or transfer the case to any district or division where it could have been brought. 28 U.S.C. § 1406. In the interests of justice and judicial economy, I will order that this action be transferred to the Northern District of Indiana.

■ Defendant has further moved for sanctions to be imposed on plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure because the institution of this action by the plaintiff in this district was not warranted by existing law. Due to the scant volume of court decisions interpreting this recent amendment to 49 U.S.C.

§ 11707, and this court's belief that plaintiff's argument as to the venue provisions was made in good faith and not for any improper purpose, this court will deny defendant's motion for sanctions and attorney's fees in preparing this motion.

An appropriate order follows.

### ORDER

AND NOW, this 11th day of March, 1988, for the reasons set forth in the foregoing Memorandum, is it ORDERED that the motion of defendant Norfolk Southern is GRANTED on the ground that venue is improper in the Eastern District of Pennsylvania, but pursuant to 28 U.S.C. § 1406(a), the above captioned action is hereby TRANSFERRED to the Northern District of Indiana. All proceedings herein are stayed until further order of the transferee court. The Clerk is directed to take all actions necessary to effect the transfer.