20 F.Supp.2d 1008 (1998)
Mary Ellen EHLMANN, et al.
v.
KAISER FOUNDATION HEALTH PLAN, individually and d/b/a "Kaiser Permanente," et al.
No. 4:97-CV-264-Y.
United States District Court, N.D. Texas, Fort Worth Division.
October 20, 1998.
*1009 George Parker Young, Friedman Young & Suder, Fort Worth, Texas, for Mary Ellen Ehlmann, Albert DeJohn, Molly Pope, David Pope, Carolyn Salters, Robert Whitacre, Sally Slagle, Carol Pressly, Jimmy Pressly, and Debra McDonald.
Elizabeth Healey Hilbride, Law Office of Elizabeth H. Kilbride, Houston, Texas, for Mary Ellen Ehlmann, Albert DeJohn, Molly Pope, David Pope, Carolyn Salters, and Robert Whitacre.
John Anthony Scully, Cooper Aldous & Scully, Dallas, Texas, for Kaiser Foundation Health Plan of Texas.
Mark Alan Evetts, Susman Godfrey, Dallas, Texas, for NYLCare of Texas, Inc. and NYLCare Health Plan of the Southwest, Inc.
*1010 Estil A. Vance, Jr., Cantey & Hanger, Fort Worth, Texas, for Harris Methodist Plan of Texas Incorporated.
Charles Craig Tadlock, Baker & Botts, Dallas, Texas, for Cigna Healthcare of Texas.
John Bruce Shely, Andrews & Kurth, L.L.P., Houston, TX, for Aetna U.S. Healthcare Inc. and Aetna U.S. Healthcare of North Texas, Inc.

AMENDED ORDER GRANTING DEFENDANTS' JOINT MOTION TO DISMISS
MEANS, District Judge.
Pending before the Court is Defendants' Motion to Dismiss, filed March 30, 1998 [doc. # 84-1]. Having carefully considered the motion, response, and reply, the Court finds that the motion should be GRANTED.
"[A] motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted." Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc., 677 F.2d 1045, 1050 (5th Cir.1982), cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983) (quoting Wright & Miller, Federal Practice and Procedure § 1357 (1969)). The court must accept as true all well-pleaded, nonconclusory allegations in the complaint, and must liberally construe the complaint in favor of the plaintiff. Kaiser Aluminum, 677 F.2d at 1050. A court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt from the face of the plaintiff's pleadings that he can prove no set of facts in support of his claim that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); Garrett v. Commonwealth Mortgage Corp., 938 F.2d 591, 594 (5th Cir.1991); Kaiser Aluminum, 677 F.2d at 1050.
In this case, Plaintiffs filed suit alleging that Defendants breached their federal and state fiduciary duties to Plaintiffs by failing to disclose physician-compensation arrangements. Plaintiffs further allege that Defendants made misrepresentations, committed consumer fraud, and tortiously interfered with their physician-patient relationships. Defendants move to dismiss Plaintiffs' claims against them because (1) Plaintiffs failed to adequately plead, (2) there is no duty to disclose physician-compensations arrangements, (3) Plaintiffs improperly assert claims for money damages, (4) Plaintiffs' state-law claims are preempted, (5) Plaintiffs lack standing to bring this action, and (6) Plaintiffs failed to exhaust plan remedies.
When the subject matter jurisdiction of the court is questioned, that issue should be addressed as a threshold matter. See Marathon Oil Co. v. Ruhrgas, 145 F.3d 211, 217 (5th Cir.1998), petition for cert. filed, Sept. 18, 1998; Nevares v. San Marcos Consol. Indep. Sch. Dist., 111 F.3d 25, 26 (5th Cir.1997). Here, Defendants assert that Plaintiffs lack standing to bring this case. "Federal courts have no jurisdiction under Article III, § 2, of the Constitution unless a case or controversy is presented by a party with standing to litigate." Nevares, 111 F.3d at 26 (citing Arizonans for Official English v. Arizona, 520 U.S. 43, 117 S.Ct. 1055, 1067, 137 L.Ed.2d 170 (1997)). Thus, if a plaintiff lacks standing the court is without jurisdiction and the case must be dismissed.
A plaintiff has standing to bring suit if (1) he has suffered an actual or threatened injury; (2) that is "fairly traceable" to the defendant's action; and (3) will likely be redressed if the plaintiff prevails. Friends of the Earth, Inc. v. Crown Cent. Petroleum Corp., 95 F.3d 358, 360 (5th Cir.1996) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). The injury suffered must be "concrete and particularized," "actual or imminent," and must not be conditioned upon the actions of a third party not before the Court. See Lujan, 504 U.S. at 560-61, 112 S.Ct. 2130. While a statute may create rights and provide a cause of action for violation thereof, that creation of rights does not do away with the requirement that the plaintiff have suffered the injury himself. Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 488 n. 24, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982); Warth v. Seldin, 422 U.S. 490, 501, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). Further, if the plaintiff complains of an injury *1011 conditioned on the actions of a third party, then the injury may not be fairly traceable to the defendant and any ruling by the Court may not adequately redress the plaintiff's alleged harm. See Lujan, 504 U.S. at 568-71, 112 S.Ct. 2130; Warth, 422 U.S. at 506-08, 95 S.Ct. 2197.
In response to Defendants' assertion that Plaintiffs lack standing, Plaintiffs correctly assert that the Employee Retirement Income Security Act of 1974 ("ERISA"), § 502(a)(3), provides a civil cause of action to plan participants and beneficiaries for a violation of ERISA or their plan. See 29 U.S.C.A. § 1132(a) (West 1985 & Supp.1998). An ERISA participant's standing depends on whether or not he has a colorable claim for relief under the statute. See Abraham v. Exxon Corp., 85 F.3d 1126, 1129 (5th Cir. 1996). In this case, it is undisputed that Plaintiffs are plan participants and Plaintiffs clearly allege that the defendants have violated the fiduciary duty provisions of ERISA. Therefore, to the extent Plaintiffs claim relief provided by ERISA for violations of ERISA, they have standing.
A more difficult question is presented when considering whether Plaintiffs have standing to bring any claims not based on rights ERISA creates and protects. Arguably, serious questions of causation and redressability have been raised, depending upon the specific injury asserted by Plaintiffs. However, while the party "invoking federal jurisdiction bears the burden of establishing" standing, "at the pleading stage general factual allegations of injury resulting from [a] defendant's conduct may suffice (because) on a motion to dismiss [the court] `presumes that general allegations embrace those specific facts that are necessary to support the claim.'" Lujan, 504 U.S. at 561, 112 S.Ct. 2130 (quoting Lujan v. National Wildlife Federation, 497 U.S. 871, 883-889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990)). Here, the plaintiffs allege injury caused by the defendants' action and this Court must assume that those allegations embrace the facts necessary to support those claims. Therefore, the Court finds that Plaintiffs have pled sufficient facts to survive a motion to dismiss on standing.
Next, Defendants assert that Plaintiffs' amended complaint must be dismissed because it contains fatal pleading defects. Specifically, Defendants assert that Plaintiffs have failed to plead causation, but Defendants do not cite authority for, nor state the required elements of, any of Plaintiffs' claims. At the end of the "pleading defect" section of Defendants' brief, they claim that Plaintiffs' allegations are "wholly insufficient to support Plaintiffs' legal conclusion that Defendants have breached their fiduciary duties." (M.Dism. P. 7) To establish a breach of fiduciary duty under ERISA, a plaintiff must prove a breach of a fiduciary duty and a prima-facie case of loss to the plan. McDonald v. Provident Indem. Life Ins. Co., 60 F.3d 234, 237 (5th Cir.1995), cert. denied, 516 U.S. 1174, 116 S.Ct. 1267, 134 L.Ed.2d 214 (1996). If the plaintiff meets that burden, "the burden of persuasion shifts to the fiduciary to prove that the loss was not caused by the breach of duty." Id.; Roth v. Sawyer-Cleator Lumber Co., 16 F.3d 915, 917 (8th Cir.1994). Thus, even if Plaintiffs had failed to plead causation, the burden of proof on that element in an ERISA breach-of-fiduciary-duty case lies with Defendants. To the extent Plaintiffs have pled a breach-of-fiduciary-duty claim outside of ERISA, the Court finds that Plaintiffs have sufficiently pled causation. Reading the pleadings in the light most favorable to Plaintiffs, the Court does not find that Plaintiffs could assert no set of facts that would entitle them to relief.
Defendants also assert that Plaintiffs' claim for breach of fiduciary duty under ERISA must be dismissed because there is no duty to disclose physician-compensation arrangements to plan members. The parties agree that ERISA does not impose an express duty to make the disclosures. Instead, Plaintiffs ask the Court to find an implied duty to make the disclosures through ERISA's fiduciary-duty wording. See 29 U.S.C.A. § 1104 (West 1985). To do what Plaintiffs request, the Court would have to hold that ERISA's general fiduciary duties require plan fiduciaries to make preliminary disclosures in addition to those specifically required and listed at 29 U.S.C. § 1021-1031. See 29 U.S.C.A. §§ 1021-1031 (West 1985 & *1012 Supp.1998). The Court declines. General principles of statutory construction provide that more specific provisions in a statute govern over those generally worded. See Faircloth v. Lundy Packing Co., 91 F.3d 648, 657 (4th Cir.1996) (citing Morales v. Trans World Airlines, Inc., 504 U.S. 374, 384, 112 S.Ct. 2031, 119 L.Ed.2d 157 (1992)). "However inclusive may be the general language of a statute, it `will not be held to apply to a matter specifically dealt with in another part of the same enactment.'" Clifford F. MacEvoy Co. v. United States, 322 U.S. 102, 107, 64 S.Ct. 890, 88 L.Ed. 1163 (1944) (quoting Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 76 L.Ed. 704 (1932)). "This [general] principle `applies with special force with regard to a reticulated statute such as ERISA.'" Faircloth, 91 F.3d at 657 (quoting Bigger v. American Commercial Lines, 862 F.2d 1341, 1344 (8th Cir.1988)). Thus, this Court may not add a specific disclosure requirement to those required by 29 U.S.C. 1022(b). See Sprague v. General Motors Corp., 133 F.3d 388, 405 (6th Cir.), cert. denied, ___ U.S. ___, 118 S.Ct. 2312, 141 L.Ed.2d 170 (1998) (Citing Curtiss-Wright v. Schoonejongen, 514 U.S. 73, 84, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995), for the proposition that "Congress did not intend the informational scheme it devised `to be supplemented by a far-away provision in another part of the statute.'"). If what Plaintiffs request is a necessary addition to ERISA's disclosure requirements, then that statutory change should be sought from Congress, not this Court. See Curtiss-Wright, 514 U.S. at 84, 115 S.Ct. 1223; Sprague, 133 F.3d at 405-06; Board of Trustees of CWA/ITU v. Weinstein, 107 F.3d 139, 143-147 (2nd Cir.1997); Faircloth, 91 F.3d at 657. The Court finds that ERISA does not impose a duty on Defendants to disclose their compensation arrangement with physicians and, thus, Plaintiffs could present no set of facts that would entitle them to relief for a breach of that duty. Therefore, Defendants' motion to dismiss Plaintiffs' breach-of-fiduciary-duty claim under ERISA is GRANTED.
Having determined that Plaintiffs' claim under ERISA must be dismissed, the Court turns to Plaintiffs' state-law claims. The Court finds that each state-law claim asserted by Plaintiffs seeks to govern Defendants' behavior in relation to an ERISA plan and thus, those state laws are preempted by ERISA in this case. See Dowden v. Blue Cross & Blue Shield of Tex., Inc., 126 F.3d 641, 643 (5th Cir.1997) (per curiam) (discussing the "deliberately expansive language of ERISA's preemption clause"); Rodriguez v. Pacificare of Tex., Inc., 980 F.2d 1014, 1016-17 (5th Cir.), cert. denied, 508 U.S. 956, 113 S.Ct. 2456, 124 L.Ed.2d 671 (1993) (tortious interference); Hogan v. Kraft Foods, 969 F.2d 142, 145 (5th Cir.1992) (Texas Insurance Code and breach of duty of good faith and fair dealing); Hermann Hosp. v. MEBA Medical & Benefits Plan, 959 F.2d 569, 572 (5th Cir.1992) (fraud, negligent misrepresentation, breach of fiduciary duty); Southland Life Ins. Co. v. Estate of Small, 806 S.W.2d 800, 801 (Tex.1991) (per curiam) (fraud and Texas Insurance Code). Further, Plaintiffs' attempt to base a state-law claim upon a criminal statute must fail. Hanna v. Home Ins. Co., 281 F.2d 298, 303 (5th Cir.1960), cert. denied, 365 U.S. 838, 81 S.Ct. 751, 5 L.Ed.2d 747 (1961) (no private right of action under criminal statute). Therefore, Defendants' motion to dismiss Plaintiffs' state-law claims is GRANTED.
SO ORDERED.