[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14994

_____

D.C. Docket No. 8:11-cv-00484-EAK
Bkcy. No. 8:09-bk-25809-MGW

In Re:        SANDRA ANN READ,

Debtor.

_____

PAM DUBOV,
Pinellas County Property Appraiser;
DIANE NELSON,
Pinellas County Tax Collector

Plaintiffs - Appellants,

versus

SANDRA ANN READ,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 30, 2012)

Before DUBINA, Chief Judge, JORDAN and ALARCÓN,[*] Circuit Judges.

ALARCÓN, Circuit Judge:

Pam Dubov, Pinellas County Property Appraiser ("Property Appraiser") and Diane Nelson, Pinellas County Tax Collector ("Tax Collector") appeal from an order of the District Court of the Middle District of Florida affirming the final order of the Tampa Division of the United States Bankruptcy Court. The bankruptcy court held that Sandra Ann Read's ("the Debtor") request for the bankruptcy court to redetermine her *ad valorem* tax liability for the year 2009 was timely filed under 11 U.S.C. §§ 108(a) and 505. The Property Appraiser and Tax Collector appealed to the district court, which issued an order affirming the decision of the bankruptcy court.

The Property Appraiser and Tax Collector contend that the specific provisions of § 505(a)(2)(C) preclude a bankruptcy court from redetermining the amount or legality of any *ad valorem* tax liability on real property of a debtor's estate, if the allowable period for contesting such a claim under state law expired prior to the filing of an objection in the bankruptcy court, notwithstanding the general extension of time periods for filing set forth in § 108(a). We reverse the district court's affirmance of the bankruptcy court's decision in this matter because

---

[*]Honorable Arthur L. Alarcón, United States Circuit Judge for the Ninth Circuit, sitting by designation.

we conclude that, when Congress amended § 505(a) by adding § 505(a)(2)(C), it intended to create an exception to the general time limits for contesting a tax assessment set forth in § 108(a).

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 158(a). "Section [ ] 158(d) grants jurisdiction to courts of appeals for all final judgments and orders made by the district courts on appeals taken from the bankruptcy courts." *In re Briglevich*, 847 F.2d 759, 760 (11th Cir. 1988).

## I

In this matter, the Property Appraiser certified the 2009 Tax Rolls to the Tax Collector for collection on October 12, 2009. The Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code twenty-nine days later on November 10, 2009. The Tax Collector filed a proof of claim on December 15, 2009 ("Tax Claims"), for unpaid real property *ad valorem* taxes, based on the appraised value of approximately twenty investment properties owned by the Debtor. The Debtor did not file a judicial challenge to the value of her property in a Florida state court within 60 days of the October 12, 2009 certification of the 2009 tax rolls by the Property Appraiser pursuant to Fla. Stat. § 194.171(2) (2009).[1] The Debtor filed

---

[1]Section 194.171(2), Fla. Stat. (2009), provides as follows:

No action shall be brought to contest a tax assessment after 60 days from the date the assessment being contested is certified for collection under s. 193.122(2), or after 60 days from the date a decision is rendered concerning such assessment by

an objection to the Tax Claims in the bankruptcy court on April 21, 2010, on the ground that the assessed value exceeded the actual value of the property. Under Florida law, the failure to file a challenge to a tax assessment within the prescribed time limit deprives Florida courts of the jurisdiction to consider a claim.[2] The Debtor's initial objection to the Tax Collector's claim was not filed in the bankruptcy court until 131 days after the 60-day deadline to file a challenge to the tax assessment in a Florida state court.

## II

We must decide whether the bankruptcy court erred in holding that the time period for the filing of the Debtor's request for a redetermination of the amount of the *ad valorem* taxes was timely, notwithstanding the fact that the time to contest the tax assessment had expired under state law. The Tax Collector and Property Appraiser contend that § 505(a)(2)(C) of the Bankruptcy Code creates an exception

---

the value adjustment board if a petition contesting the assessment had not received final action by the value adjustment board prior to extension of the roll under s. 197.323.

The Debtor did not file an appeal with the value adjustment board within the prescribed time.

[2]Section 194.171(6), Fla. Stat. (2009), states:

The requirements of subsections (2), (3), and (5) are jurisdictional. No court shall have jurisdiction in such cases until after the requirements of both subsections (2) and (3) have been met. A court shall lose jurisdiction of a case when the taxpayer has failed to comply with the requirements of subsection (5).

4

to the general time provisions of § 108(a) to file a claim for a tax refund and expressly precludes a bankruptcy court from redetermining a debtor's *ad valorem* tax liability if the applicable period for doing so has expired under relevant nonbankruptcy law. It is undisputed that the Debtor's objection to the *ad valorem* tax claim did not occur until after the time to do so under Florida law had expired. The Debtor contends that her objection was timely pursuant to § 108(a) because her petition for bankruptcy relief was filed before the period to commence an action under Florida law to challenge the amount of the *ad valorem* tax had expired. Because this appeal challenges the district court's decision affirming the bankruptcy court's order, our review is *de novo*. *See In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009) ("We review the district court's decision to affirm the bankruptcy court *de novo*, which allows us to assess the bankruptcy court's judgment anew, employing the same standard of review as the district court itself used.").

The issue raised in this appeal has not been reviewed by any United States Court of Appeals. It has been addressed by three other bankruptcy courts. Each has held that a bankruptcy court loses the right to determine tax liability where, as here, the debtor does not seek redetermination prior to the expiration of time for the bringing of an action under state law. *See In re Breakwater Shores Partners,*

5

*L.P.*, 2012 Bankr. LEXIS 1454, at \*11 (Bankr. E.D. Tex. Apr. 5, 2012) (holding that § 505(a)(2)(c) "is properly construed as requiring that a determination request must be prior to the expiration of the deadline established for review under state law without possibility of extension under Bankruptcy Code § 108."); *In re Village at Oakwell Farms, Ltd.*, 428 B.R. 372, 376-80 (Bankr. W.D. Tex. 2010) (holding that where a debtor does not seek redetermination of *ad valorem* taxes under § 505(a) prior to the expiration for bringing an action under state law, the bankruptcy court loses the right to determine the tax liability); *In re ATA Airlines, Inc.*, 2010 Bankr. LEXIS 3571, at \*6-7 (Bankr. S.D. Ind., Oct. 4, 2010) ("§ 505(a)(2)(C) bars a bankruptcy court from redetermining tax liability for an ad valorem tax if the applicable period for contesting or redetermining the amount of the tax under nonbankruptcy law has expired *before the motion to determine tax liability is brought before the bankruptcy court . . . .*") (emphasis added)).  The bankruptcy court in the matter *sub judice* stands alone in concluding that, where the applicable period for contesting *ad valorem* tax liability has not expired as of the date of the bankruptcy filing, § 108(a) should be read as extending the time to seek redetermination under § 505 for an additional two years, even where the § 505 motion is filed after the expiration of the applicable period for contesting the amount under applicable nonbankruptcy law.

6

### III

This dispute is before us because of the lack of clarity in the relationship between the time limits set forth in § 108(a) and § 505(a)(2)(C) for challenging an *ad valorem* tax, if the time to do so has expired under state law before the *ad valorem* tax is asserted in a bankruptcy court.   Section 108(a) provides:

> (a) ***If applicable nonbankruptcy law***, an order entered in a nonbankruptcy proceeding, or an agreement ***fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of***—
>
> (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
>
> (2) ***two years after the order for relief***.

11 U.S.C. § 108(a) (emphases added).

In 2005, Congress amended the Bankruptcy Code by adding § 505(a)(2)(C). Section 505(a), as amended, provides:

> (a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.
>
> (2) ***The court may not so determine*--**

7

(A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title;

(B) any right of the estate to a tax refund, before the earlier of—

(i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or

(ii) a determination by such governmental unit of such request; or

(C) *the amount or legality of any amount arising in connection with an ad valorem tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired*.

11 U.S.C. § 505(a) (emphases added).

Under Florida law, absent the application of 11 U.S.C. § 108(a), the time for Debtor to challenge the 2009 *ad valorem* tax valuations would have expired on December 13, 2009 (i.e., 60 days after the certification of the tax rolls). Applying § 108(a) alone, without regard to any of the provisions in § 505, would have extended to April 21, 2010, the time allowed for the trustee, on behalf of Debtor's estate, to file objections to the valuations. But a plain reading of § 108(a) and § 505 does not permit us to apply § 108(a) alone. Rather, § 108(a) must be considered together with § 505.

8

Subsection (a)(2)(C) of § 505 does not permit a bankruptcy court to determine the amount or legality of an *ad valorem* tax on real estate "if the applicable period for contesting or redetermining that amount under applicable nonbankruptcy law has expired." § 505 (a)(2)(C). Under Florida law, which is the relevant nonbankruptcy law, the period for contesting the valuations expired on December 13, 2009. Because we cannot read § 108(a) alone, the Debtor (or the trustee on behalf of the Debtor) was not entitled to wait until April 21, 2010, to file a challenge to the *ad valorem* tax valuation. In other words, because § 108(a) is *not* a nonbankruptcy law, its extension of the time period is irrelevant for purposes of § 505(a)(2)( C). We cannot look to § 108(a) because it is a bankruptcy law.

This plain reading of § 505(a)(2)( C) is supported by the policy underlying § 505, which "is to protect creditors and ensure the finality of determinations of tax liability reached prior to bankruptcy." *In re Galvano*, 116 B.R. 367, 372 (Bankr. E.D.N.Y. 1990). "In enacting § 505, Congress was concerned with protecting creditors from the dissipation of an estate's assets which could result if creditors were bound by a tax judgment which a debtor, due to its ailing financial condition, failed to contest." *Id.* (citing *In re Century Vault Co.*, 416 F.2d 1035, 1041 (3d Cir. 1969) (discussing the rationale for § 2a (2A) of the Bankruptcy Code, the precursor to § 505, and concluding that it was intended to protect creditors who "should not

be bound by omissions of the bankrupt" where the debtor has little or no interest in contesting a tax assessment and permits an adjudication to be taken against him or her prior to bankruptcy).

Section 505(a)(2)(C) was added in 2005 as part of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). This Court has held that "[t]he heart of [BAPCPA's] consumer bankruptcy reforms . . . is intended to ensure that debtors repay creditors the maximum they can afford." *Whaley v. Tennyson* (*In re Tennyson*), 611 F.3d 873, 879 (11th Cir. 2010) (second and third alterations in original) (quoting H.R. Rep. 109-31(I), p. 2, 2005 U.S.C.C.A.N. 88, 89); *see also* Elizabeth Weller, *Does the Bankruptcy Court Really Have Unlimited Authority to Redetermine Taxes?*, 29-NOV Am. Bankr. Inst. J. 12, 67 (2010) ("Recognizing the potential for abuse . . . Congress added § 505(a)(2)(C), which eliminated the court's authority to redetermine 'the amount or legality of any amount arising in connection with an *ad valorem* tax on real or personal property of the estate, if the applicable period for contesting or redetermining that amount under any law (other than a bankruptcy law) *has expired*.'") (quoting 11 U.S.C. § 505(a)(2)(C))).

Before Congress amended § 505 in 2005, a debtor was free to contest *ad valorem* tax claims that arose many years prior to the filing of a voluntary

10

bankruptcy petition, but which had not been contested or adjudicated prepetition. By amending the statute to include § 505(a)(2)(C), Congress expressly intended to protect creditors by prohibiting a debtor from contesting *ad valorem* tax claims after the time for filing an action challenging the assessment of such taxes has expired under state law. *See e.g.*, Carl M. Jenks, *The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005: Summary of Tax Provisions*, 79 Am. Bankr. L.J. 893, 896 (2005) ("Under the [BAPCPA], if the liability for an *ad valorem* tax has become fixed and the debtor's time to contest it outside of bankruptcy court has expired, the debtor may not contest the liability in bankruptcy.").

The 2005 amendment to the Bankruptcy Act that added § 505(a)(2)(C) has resulted in conflicting decisions from the bankruptcy courts that have been required to determine whether it is applicable if a petition for bankruptcy relief is filed <u>before</u> the time limit to challenge an *ad valorem* tax has expired. Here, the bankruptcy court concluded that § 505(a)(2)(C) was not applicable because the Debtor filed her petition in bankruptcy court prior to the date within which the debtor could have commenced an action under a nonbankruptcy proceeding. As noted above, the bankruptcy court in *In re Village at Oakwell Farms, Ltd.*, held that when a debtor fails to seek a redetermination of his or her tax liability prior to the expiration date for filing an action in a state proceeding, the debtor loses the

11

right to seek a redetermination in a bankruptcy court under § 505(a)(2)(C).  428 B.R. at 380.  We agree.

"It is a cardinal principle of statutory construction that a statute, ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant." *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (internal quotation marks omitted)).  "It is our duty, 'to give effect, if possible, to every clause and word of a statute.'" *United States v. Menasche*, 348 U.S. 528, 539 (1955) (quoting *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883)).  "General language of a statutory provision, although broad enough to include it, will not be held to apply to a matter specifically dealt with in another part of the same enactment.  Specific terms prevail over the general in the same or another statute which otherwise might be controlling." *D. Ginsberg & Sons, Inc. v. Popkin*, 285 U.S. 204, 208 (1932) (internal citations omitted).

The intent of Congress in enacting § 505(a)(2)(C) was to prevent bankruptcy abuse by debtors and ensure that debtors pay the amount they owe as soon as possible.  We are persuaded that in enacting § 505(a)(2)(C), Congress intended that the specific provisions of that statute must prevail over the more general provisions of  § 108(a).

12

**Conclusion**

We conclude that the bankruptcy court erred in ruling that the Debtor's request for determination of her *ad valorem* tax liability was timely under the general time extension provision of § 108(a).  The bankruptcy court's interpretation of the language in § 505(a)(2)(C) fails to give full effect to Congress's intent in passing the reforms in the BPACPA, to curb abuses, protect creditors, and "ensure that debtors repay creditors the maximum they can afford." *In re Tennyson*, 611 F.3d at 879 (quotation omitted).

Accordingly, we REVERSE the judgment of the district court affirming the bankruptcy court's order holding that the Debtor's request for determination of her *ad valorem* tax liability was timely, and we REMAND this case to the district court with instructions to VACATE the bankruptcy court's order.

13