UNITED STATES of America,
Appellee,

v.

Thomas DUFFY, Appellant.

No. 757, Docket 73-1081.

United States Court of Appeals,
Second Circuit.

Argued April 5, 1973.

Decided May 7, 1973.

Robert P. Anderson, Circuit Judge,
dissented and filed opinion.

E. Thomas Boyle, St. James, N.Y.
(Robert Kasanof, The Legal Aid Society,
New York City, on the brief), for appellant.

David DePetris (L. Kevin Sheridan,
Asst. U. S. Atty., Robert A. Morse, U. S.
Atty., on the brief), for appellee.

Before HAYS, ANDERSON and
OAKES, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment of
the United States District Court for the
Eastern District of New York affirming
a judgment of the Magistrate's Court
for that district which found the appellant guilty of *engaging in a business*
without a permit at the Fire Island National Seashore in violation of 36 C.F.R.
§ 5.3.[1]  Appellant was sentenced to a

---

1.  36 C.F.R. § 5.3 reads as follows:
   Engaging in or soliciting any business in
   park areas, except in accordance with the
   provisions of a permit, contract, or other
   written agreement with the United States,
   except as such may be specifically authorized under special regulations applicable
   to a park area, is prohibited.

fine of $250 the execution of which was stayed pending this appeal.

Appellant concedes that he was engaged in "commercial fishing" (as the Magistrate found) when he was arrested but he argues that commercial fishing is not prohibited at the Fire Island National Seashore under 36 C.F.R. § 5.3. Appellant argues that the prohibition in 36 C.F.R. § 5.3 against engaging in a business is superseded by 36 C.F.R. § 2.-13 (dealing generally with *fishing* in national parks).

■ We hold that the Magistrate and the District Court correctly found that appellant's activity, commercial fishing, is prohibited by 36 C.F.R. § 5.3 and that that provision is not superseded by the general provisions applicable to fishing. It is the business activity, not the fishing, which the regulation prohibits.

■ Applicant next claims that his Fifth and Sixth Amendment rights were violated by the admission of certain statements of his at his trial before the Magistrate. After federal rangers had given appellant a citation for violating 36 C.F.R. § 5.3, he was taken into custody by members of the Suffolk County police who believed that an active warrant was out for him for violations of certain state vehicle and traffic laws. On the way to the police station—after being advised of his *Miranda* rights and waiving them—the appellant made statements to the police dealing with his fishing activity which later were admitted against him at his trial on the federal charge. We believe that appellant's statements were not the product of "interrogation" within the meaning of the *Miranda* doctrine but were volunteered by appellant, see United States v. Gaynor, 472 F.2d 899 (2d Cir. 1973).

As to the claim of right to the presence of counsel at the "interrogation," the issuance of a National Seashore Ranger's citation to appellant could hardly be called the initiation of a "formal adversary criminal proceeding" within the meaning of United States ex rel. Robinson v. Zelker, 468 F.2d 159 (2d Cir. 1972).

In spite of the absence of merit in appellant's substantive contentions, we must remand the case for resentencing because the grounds upon which the sentence was based are unlawful. In regard to appellant's sentence, the Magistrate said:

"The 250.00 fine levied on the defendant hardly will cover the costs of this proceeding which the defendant's three associates saved the Government when they pleaded guilty. Besides the time taken up at the trial including that of the Magistrate, Court Reporter paid for by the Government, the Prosecutor, Legal Aid Society (assigned to defendant at Government expense) and an appeal including that of the District Judge, Court Reporter, Prosecutor and Legal Aid Society plus the cost of the transcript of the minutes of both proceedings, we have the time of the Government witnesses attending in court to testify. Accordingly no part of the fine is remitted."

■ It thus appears that the Magistrate imposed the relatively heavy fine on Duffy as a consequence of his refusal to plead guilty. This action was, of course, improper.

We therefore remand this case to the Magistrate for reconsideration of appellant's sentence.

ROBERT P. ANDERSON, Circuit Judge (dissenting).

I dissent. If the conviction could be held to be valid, I would agree with the majority that the case must be remanded to the district court for resentencing; but it is my opinion that the judgment of conviction was invalid.

The appellant, Duffy, was found guilty of engaging in commercial fishing under 36 C.F.R. § 5.3 which is a general prohibition against engaging in any business within the national parks without a permit. Although he and his four companions were not operating a large scale fishing operation and the magis-

trate who tried the case expressed some concern over whether or not Duffy was involved in a business venture, he might conceivably have been convicted of violating this regulation, *except* for the existence of operative statutes and regulations which deal specifically with fishing at the Fire Island National Seashore, which the majority completely ignore. These statutes and regulations actually allow the activities in which Duffy was engaged. It is an accepted maxim that "specific terms prevail over the general in the same or another statute which otherwise might be controlling," D. Ginsberg & Sons v. Popkin, 285 U.S. 204, 208, 52 S.Ct. 322, 323, 76 L.Ed. 704 (1932). The application of this long recognized rule of construction requires that the information in this case be dismissed.

The statute providing for the creation of this national park reads that "[t]he Secretary *shall permit* hunting, fishing, and shell-fishing . . . within the Fire Island National Seashore in accordance with the laws of New York . . .," 16 U.S.C. § 459e–4. (Emphasis added.) See also, 36 C.F.R. § 2.-13(a).

On the date of the alleged offense New York law, N.Y. Conservation Law § 320(1)(b) (McKinney's Consol.Laws, c. 65, 1967) provided that:

"A citizen resident of the state for not less than six months immediately preceding such taking may without license take food fish in the Marine District [which includes the waters of the Atlantic Ocean] . . . with nets other than beam trawls and otter trawls, [except in certain. waters not applicable here]."

The Government admits that Duffy did not violate New York state law, therefore, I do not see how it can be said that he transgressed federal law.

Moreover, the general limiting regulation, 36 C.F.R. § 2.13(j)(3), provides that "[i]n natural and historical areas: Fishing in fresh waters for merchandise or profit is prohibited except as provided under special regulations." Fire Island is a *recreational* area, not a natural or historical one, 36 C.F.R. § 1.-2(g), (h), (i); and it should be noted that § 2.13(j)(3) prohibits commercial fishing only in *fresh* water, not the salt water of the Atlantic Ocean with which this case is concerned. All of this mosaic of provisions dovetails in support of the conclusion that commercial fishing in the ocean surf from the shore of Fire Island National Park is permitted.

Furthermore, permitting commercial fishing in the waters of this national seashore would not destroy the recreational value of the park, because protection is afforded by other regulations which ban fishing within "designated mooring areas, swimming beaches or surfing areas," 36 C.F.R. § 2.13(g), and commercial vehicles are prohibited from park areas, 36 C.F.R. § 5.6.

In view of the well established principle that any ambiguity in criminal statutes must be resolved in favor of the accused to insure that no one will be subject to penalty for a particular act unless he has first been given fair warning, Mourning v. Family Publications Service, Inc., 411 U.S. 356, 93 S.Ct. 1652, 36 L.Ed.2d 318 (1973); United States v. Bass, 404 U.S. 336, 347–349, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971), it at least must be conceded that these statutes and regulations make the applicability of the regulation against "engaging in or soliciting any business in park areas" to commercial fishing in the surf, very dubious indeed. It is my opinion that such fishing is not prohibited and the information should be dismissed.