313 So.2d 436 (1975)
Judith SIKES, Appellant,
v.
STATE of Florida, Appellee.
No. 73-372.
District Court of Appeal of Florida, Second District.
May 30, 1975.
Rehearing Denied June 26, 1975.
Warren M. Goodrich, of Goodrich & Hampton, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Judge.
This is the third appearance of this cause before this court. Appellant, Judith Sikes, was convicted of murder in the first degree with recommendation of mercy. On appeal from that conviction we reversed and remanded for new trial. Sikes v. State, Fla.App. 1971, 252 So.2d 258, cert. den. Fla. 1971, 255 So.2d 272. Prior to being tried the second time, appellant, through her attorney, filed a motion to suppress certain oral confessions given by her to two different prison employees on three separate occasions. Appellant was incarcerated awaiting the decision of her first appeal at the times she gave the confessions here attacked. After plenary hearing, the trial court entered an order denying the said motion to suppress.
The effect of this ruling by the trial court permitted the state to introduce the confessions into evidence in the state's case in chief at the second trial. Appellant's interlocutory appeal from this order was treated as certiorari and denied by this court. Sikes v. State, Fla.App. 1972, 262 So.2d 916. After jury trial appellant was found guilty and sentenced to life imprisonment.
*437 Appellant, on authority of the oft-cited case of Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, 1964, seeks reversal of her conviction contending that the trial court committed reversible error in admitting the confessions in evidence against her in view of the circumstances under which the confessions were given.
We have considered the record, briefs and oral argument of counsel. This case has been under study for sometime now, the principal reason being that the specific issue before us is one of first impression in Florida.
Before delving into the positions espoused by counsel pertaining to the validity of their respective arguments, we point out that there is no contention made, or evidence to support such contention if it were made, that the confessions were given by appellant on the initiative of the prison authorities. On the contrary, the record clearly shows, and there is no dispute on this matter, that appellant spontaneously initiated the conversations pertaining to her involvement in the crime.
As indicated above, the thrust of appellant's argument is that the trial court committed reversible error in allowing into evidence, over the timely objection of appellant's counsel, the confessions, when the custodial authorities had knowledge of appellant's pending appeal, knew she had counsel, but, notwithstanding, failed to advise appellant of her right to have her counsel present; and, in addition, appellant had not waived her right to have counsel present.
We have read the many cases cited in the briefs of respective counsel and, after due deliberations, and analysis of the law pronounced therein, we cannot agree with appellant and, consequently, we affirm.
We read and interpret the cases set forth in support of appellant's position as frowning upon and discouraging government agents, at all levels, from acting outside the permissible procedural guidelines to obtain by trick, coercion, force, over-reaching, guile, subterfuge, or entrapment, post-indictment confessions. We agree with the law of those cases holding that such conduct on the part of law enforcement officials is reprehensible and violative of the rights of individuals solidly entrenched in the Constitution of the United States and the Constitution of the State of Florida. We hasten to add that if we had found any evidence in the record of such conduct on the part of the prison personnel to whom the appellant gave her voluntary confessions, we would unhesitatingly reverse and remand for new trial. Appellant is not contending that the prison personnel here involved were on any type of intelligence gathering function or that they were attempting to make a case against appellant.
Counsel for appellant strongly objects to the admission of the confessions in view of the circumstances under which they were given; while, on the other hand, counsel for appellant, in his brief, candidly admits that he finds no disagreement with the cases holding confessions admissible when given to a cellmate. See United States v. Gardner, 347 F.2d 405 (7th Cir.1965). Likewise, counsel does not contend that confessions given to a private citizen are inadmissible. We have difficulty following such reasoning and believe that appellant is attempting to make a distinction without a difference.
We have been unable to find any authority, decisional, constitutional or statutory, prohibiting appellant from volunteering to speak, be she in prison, as here, or on the sidewalks of New York. See United States v. Gaynor, 472 F.2d 899 (2d Cir.1973) and United States v. Hayles, 471 F.2d 788 (5th Cir.1973). We cannot expect prison guards to wear earplugs at all times while in the performance of their duties. *438 If we were to adopt the appellant's contention, we may be construed as doing so.
Accordingly, the judgment and sentence are
Affirmed.
McNULTY, C.J., and GRIMES, J., concur.