**UNITED STATES,**

v.

**Fernando BOSCH, Defendant.**

**No. 04 CR. 1108(VM).**

United States District Court,
S.D. New York.

Nov. 14, 2005.

See, also, 385 F. Supp.2d 387.

———

Joan Loughnane, Assistant United States Attorney, New York City, for Plaintiff.

### *DECISION AND ORDER*

MARRERO, District Judge.

The United States Attorney's Office for the Southern District of New York (the "Government") filed a motion *in limine* by letter dated November 3, 2005 requesting

permission to (1) admit Title III recordings at trial through a single summary witness; (2) admit expert testimony regarding the use and meaning of codes within narcotics organizations and other aspects of the operation of the drug trade; and (3) admit a portion of an undated letter sent by the defendant to the Court and the Government. The Court did not receive any submission from defense counsel in response to the Government's motion.

## I. DISCUSSION

### A. AUTHENTICATION OF WIRETAP RECORDINGS THROUGH A SUMMARY WITNESS

■ The Government expects to offer evidence from court-authorized wiretaps conducted by the Drug Enforcement Administration's ("DEA") New York Field Division. The Government requests permission to authenticate wiretap recordings through a single summary witness rather than through the individual agents and translators who monitored each individual wiretap recording at the time the relevant conversations were intercepted. The Government proposes to authenticate the recordings through Special Agent Francis Rau of the DEA, who was one of the case agents responsible for the wiretaps conducted in the investigation of the defendant.

The "general standard" for admitting recordings into evidence is that the offeror "produce clear and convincing evidence of authenticity and accuracy." *See United States v. Fuentes*, 563 F.2d 527, 532 (2d cir.1977); *see also United States v. Tropeano*, 252 F.3d 653, 661 (2d Cir.2001). The Second Circuit has ruled that there is no requirement that recordings be authenticated through a contemporaneous witness to the recorded conversations. *See Fuentes*, 563 F.2d at 532. Pursuant to this authority, the Court grants the Govern-

ment's motion to authenticate the wiretap recordings with a summary witness, subject to the Court's determination at trial that the summary witness' testimony is sufficient to "produce clear and convincing evidence of authenticity and accuracy." *Fuentes*, 563 F.2d at 532.

### B. EXPERT TESTIMONY

■ The Government also requests permission to admit expert testimony regarding the use of narcotics codes and other aspects of the drug trade. The Second Circuit has held that expert testimony is admissible in regards to the use of codes and other aspects of the drug trade pursuant to Federal Rule of Evidence 702. *United States v. Garcia*, 291 F.3d 127, 139 (2d Cir.2002). Accordingly, the Court grants the Government's motion to submit expert testimony, subject to the Court's determination at trial that the proposed expert witnesses are qualified.

### C. ADMISSION OF DEFENDANT'S LETTER

■ In or about April, 2005, Mr. Bosch sent an undated letter to the Court and sent copies of the letter to the Government and to his counsel. The letter contained statements that relate to the charges against Mr. Bosch in this proceeding. The Government seeks to offer a portion of the letter at trial. Specifically, the Government seeks to offer the section of the letter entitled "Procedural and Factual Background."

It is evident that this section of the letter, which contains inculpatory statements, is relevant. The letter was sent while Mr. Bosch was in custody and after counsel was assigned to represent him. There is no allegation or other indication that the letter was submitted in response to any interrogation by law enforcement. It is well established that a defendant's

voluntary statements made while in custody but not in response to any interrogation by law enforcement may be used against a defendant at trial. *Rhode Island v. Innis,* 446 U.S. 291, 100 S.Ct. 1682, 64 L.Ed.2d 297 (1980); *United States v. Gaynor,* 472 F.2d 899, 900 (2d Cir.1973). Therefore, the Court holds that the portion of the letter entitled "Procedural and Factual Background" is admissible.

## II. *Order*

For the reasons stated above, it is hereby

**ORDERED** that the motion of the United States Attorney's Office for the Southern District of New York (the "Government") to authenticate wiretap recordings at trial through a single summary witness is granted, subject to the Court's ruling at trial regarding the sufficiency of the summary witness' testimony; and it is further

**ORDERED** that the motion of the Government to submit expert testimony regarding the use and meaning of codes within narcotics organizations and other aspects of the operation of the drug trade is granted, subject to the Court's ruling at trial as to the qualifications of proposed expert witnesses; and it is further

**ORDERED** that the motion of the Government to admit the portion of an undated letter entitled "Procedural and Factual Background" sent by the defendant Fernando Bosch to the Court and to the Government in or about April 2005 is granted.

**SO ORDERED.**