*United States v. Washington*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                         No. 24-3173

WILLIAM JAMES WASHINGTON,

> *Defendant-Appellant,*

ANTHONY ALLEN, ALAN ANDERSON,
DESIREE ALLEN, SHANNON BROWN,
WILLIAM BYNUM, RONALD GLEN DAVIS,
CHRISTOPHER DOUGLAS-ROBERTS, MELVIN
ELY, JAMARIO MOON, DARIUS MILES,
MILTON PALACIO, RUBEN PATTERSON, EDDIE
ROBINSON, GREGORY SMITH, SEBASTIAN
TELFAIR, CHARLES WATSON, JR., ANTOINE
WRIGHT, ANTHONY WROTEN, AAMIR
WAHAB, KEYON DOOLING, SOPHIA CHAVEZ,
PATRICK KHAZIRAN, TERRENCE WILLIAMS,
RASHAD SANFORD,

*Defendants.**

_____

| | |
|---|---|
| **For Defendant-Appellant:** | ELIZABETH M. SULLIVAN (Eugene E. Ingoglia, *on the brief*), Esseks Ingoglia PLLC, New York, NY. |
| **For Appellee:** | QAIS GHAFARY (Rebecca Rose Delfiner, Rushmi Bhaskaran, Justin V. Rodriguez, and Nathan Rehn, *on the brief*), Assistant United States Attorneys, *for* Jay Clayton, United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

---

* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the December 2, 2024 judgment of the district court is **AFFIRMED**.

William James Washington, a licensed medical doctor who participated in a scheme with retired basketball players to defraud the National Basketball Association ("NBA") Players' Health and Welfare Benefit Plan (the "Plan"), appeals from a judgment of conviction following a jury trial at which he was found guilty of wire and healthcare fraud and conspiracy to make false statements relating to healthcare matters and to commit wire and healthcare fraud in violation of 18 U.S.C. §§ 1349, 1347, 1343, 371, and 2. On appeal, Washington challenges the sufficiency of the venue evidence introduced at trial, as well as the procedural and substantive reasonableness of his sentence. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I.    Venue

Because venue is not an element of a crime, "the government need only establish venue by a preponderance of the evidence." *United States v. Smith*, 198 F.3d 377, 384 (2d Cir. 1999). "We review the sufficiency of the evidence as to

venue in the light most favorable to the government, crediting every inference that could have been drawn in its favor." *United States v. Tzolov*, 642 F.3d 314, 318 (2d Cir. 2011) (internal quotation marks omitted). We must review venue count-by-count, and "[w]here, as here, the facts are not in dispute, venue challenges raise questions of law, which we review *de novo*." *Id.* For conspiracy counts, "venue is proper in any district in which an overt act in furtherance of the conspiracy was committed by any of the coconspirators." *United States v. Svoboda*, 347 F.3d 471, 483 (2d Cir. 2003) (alterations accepted and internal quotation marks omitted). And for healthcare fraud, "all of the places that *any* part of [the healthcare fraud] took place" are "appropriate" venues. *United States v. Rutigliano*, 790 F.3d 389, 396 (2d Cir. 2015) (emphasis added) (quoting *United States v. Rodriguez-Moreno*, 526 U.S. 275, 282 (1999)). Similarly, venue for wire fraud "lies where a wire in furtherance of a scheme begins its course, continues[,] or ends." *Id.* at 397. Finally, the government need not "show that a defendant had actual knowledge that particular acts would occur in a particular district[;] [r]ather, [we] ask[] whether the acts' occurrence in the district of venue would have been reasonably foreseeable to the defendant." *United States v. Davis*, 689 F.3d 179, 186 (2d Cir. 2012) (alterations accepted and internal quotation marks omitted).

4

The evidence at trial demonstrated that Washington made several calls in furtherance of the conspiracy to a worker for the Plan's administrator, who was using a telephone with the 917 area code assigned to cellular telephones in New York City. *See* App'x at 1006:17–25, 1007:1–18, 1010:11–12, 1013:11–25. In fact, Washington testified on direct examination that he knew the 917 number he called "was the [P]lan" – the very entity he was trying to defraud. *Id.* at 1009:24–25, 1010:1. And the government proved that the Plan itself was administered "[i]n Manhattan." *Id.* at 398:3–4; *contra* Reply Br. at 7 n.3. Washington also initiated telephone calls to an attorney with the New York law firm that was representing the NBA in its investigation of the scheme to defraud the Plan. App'x at 822:14–15. During those calls, which were made to the law firm's 212 number and answered at the firm's "Manhattan offices," *id.* at 820:20, 820:24–25, 822:11, Washington made false statements concerning invoices that he had submitted to the Plan for medical services that he never actually performed, *see id.* at 824–25, 828:1–10.

We have held that "[p]hone calls" to plan or cover up a crime "can constitute overt acts in furtherance of a conspiracy." *United States v. Naranjo*, 14 F.3d 145,147 (2d Cir. 1994). Drawing "every inference" in the government's favor, *Tzolov*, 642

5

F.3d at 318 (internal quotation marks omitted), the jury was justified in concluding by a preponderance of the evidence that Washington knew – or reasonably foresaw – that his calls would be answered in the Southern District of New York. Consequently, we see no error in the district court upholding Washington's conviction as it relates to venue.

## II. Sentencing Challenges

"We review a district court's sentencing decision for procedural and substantive reasonableness, using a deferential abuse-of-discretion standard." *United States v. Vargas*, 961 F.3d 566, 570 (2d Cir. 2020) (internal quotation marks omitted). That standard "incorporates *de novo* review of questions of law (including interpretations of the Guidelines) and clear-error review of questions of fact." *Id.* (internal quotation marks omitted). "When a party properly objects to a sentencing error in the district court, we review for harmless error." *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). By contrast, we review issues not raised in the district court for plain error. *Id.*; *see* Fed. R. Crim. P. 52(b).

### A. Procedural Reasonableness

"A district court errs procedurally when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as

mandatory, fails to consider the [section] 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Alvarado*, 720 F.3d 153, 157 (2d Cir. 2013) (internal quotation marks omitted).

Washington argues that the district court improperly denied him a three-level reduction for acceptance of responsibility pursuant to section 3E1.1(b) of the Sentencing Guidelines. In particular, he contends that denial of the reduction unconstitutionally punished him for exercising his right to stand trial because the Guidelines provide for a one-point reduction for those defendants who accept their responsibility before "the government . . . prepar[es] for trial." U.S.S.G. § 3E1.1(b). Because Washington did not make this argument in the district court, our review is for plain error.

This argument is doomed from the start by the fact that the one-level reduction contemplated under U.S.S.G. § 3E1.1(b) is limited to defendants who have already qualified for a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a). *See* U.S.S.G. § 3E1.1(b) ("*If* the defendant qualifies for a decrease under subsection (a) [and other criteria are met] . . . decrease the offense level by 1 additional level." (emphasis added)). Washington has not asserted –

either below or in his brief on appeal – that he is entitled to a two-level reduction under subsection (a). *Id.* Consequently, he is foreclosed from arguing that by standing trial he was unconstitutionally denied a one-level reduction under section 3E1.1(b).

But even if Washington had received a two-level reduction under section 3E1.1(a), his argument that he was *punished* by not receiving an additional one-level reduction under section 3E1.1(b) would still fail. We have long recognized that "[a] show of lenience to those who exhibit contrition by admitting guilt does not carry a corollary that the [j]udge indulges a policy of penalizing those who elect to stand trial." *United States v. Araujo*, 539 F.2d 287, 292 (2d Cir. 1976) (internal quotation marks omitted); *see also United States v. DiMassa,* 117 F.4th 477, 484 n.1 (2d Cir. 2024) ("[W]ithholding leniency for defendants who have declined to accept responsibility does not give rise to an impermissible punishment." (alteration accepted and internal quotation marks omitted)).

At most, we have only said that it is improper for a sentencing court to "[*a*]*ugment*[]" a sentence because a defendant invoked his right to stand trial. *Araujo*, 539 F.2d at 292 (emphasis added); *see also United States v. Duffy*, 479 F.2d 1038, 1039 (2d Cir. 1973) (vacating sentence because "the Magistrate imposed the

8

relatively heavy fine on Duffy as a consequence of his refusal to plead guilty.").

Here, by contrast, the district court expressly held that it would have imposed the same sentence regardless of whether Davis had accepted responsibility. *See* App'x at 1583:15–17 ("Let me note that even if I gave you acceptance points and so that your guideline would be 23, I would still impose the same sentence."). As a result, Davis cannot show that his sentence was "[a]ugment[ed]" for standing trial, since he would have received the same sentence irrespective of his choice to plead guilty or go to trial. *Araujo*, 539 F.2d at 292. And that is especially true on plain-error review. *See United States v. Arigbodi*, 924 F.2d 462, 464 (2d Cir. 1991) (emphasizing that a district court does not commit plain error where a "defendant could have received exactly the same sentence in the absence of the alleged error").

Applying those precedents here, we conclude that the district court did not err – much less plainly err – in declining to *sua sponte* grant Washington a one-level reduction pursuant to section 3E1.1(b).

### B. Substantive Reasonableness

Washington also challenges the substantive reasonableness of his within-Guidelines sixty-month sentence. A sentence is substantively unreasonable if it is "shockingly high, shockingly low, or otherwise unsupportable as a matter of

law."  *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).   In demonstrating that a sentence is substantively unreasonable, defendants "bear[] a heavy burden because our review of a sentence for substantive reasonableness is particularly deferential."  *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).

Washington contends that the district court improperly under-weighed mitigating factors, such as his attempts to return some of the proceeds of the fraud and his victimization by other co-defendants in this scheme.   But the district court clearly considered these facts, *see* App'x at 1561–64, 1605, and we have repeatedly held that "[t]he particular weight to be afforded aggravating and mitigating factors under 18 U.S.C. § 3553(a) is a matter firmly committed to the discretion of the sentencing judge," *United States v. Martinez*, 110 F.4th 160, 177–78 (2d Cir. 2024) (alterations adopted and internal quotation marks omitted).   Indeed, the district court walked through each of the objectives of sentencing set forth in section 3553(a), App'x at 1602–11, and considered those objectives in light of the facts developed at trial and in connection with sentencing.   On this record, we cannot say that the district court put more weight on any one factor than it could reasonably bear.

Washington also argues that the shorter sentences imposed on his co-defendants who were also medical professionals demonstrates the substantive unreasonableness of his sentence. But a district court need not take disparities between co-defendants into account when fashioning an appropriate sentence. *United States v. Johnson*, 567 F.3d 40, 54 (2d Cir. 2009) (reiterating that "a district court may – but is not required to – consider sentencing disparity among co-defendants"). In any event, the district court expressly found that – *unlike* the two other defendants who were medical professionals – Washington had not "accepted responsibility," App'x at 1607:6–8, and had in fact perjured himself at trial, *id.* at 1587:24–25, 1588:1–3. And unlike one of the other co-defendant medical professionals, Washington "never tried to extricate himself" from the conspiracy. *Id.* at 1587:13. Indeed, when Washington's efforts to defraud the Plan "hit a roadblock, he tried to find a way around it," by among other things, "instruct[ing]" his clinics' office manager to "annotate" false receipts. *Id.* at 1409, 1587:17–19 (government's statement at sentencing); *accord id.* at 1589 (defendant's statement at sentencing acknowledging that he "did obviously ask [his clinics' office manager] to do things on [his] behalf."). These differences reasonably

justified Washington's higher sentence.   We therefore see no error in the district court's imposition of a within-Guidelines sentence of sixty months.

<center>*          *          *</center>

We have considered Washington's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

<div style="margin-left: 50%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>